**Clara Z. PACK, Plaintiff–Appellant,**

v.

**John O. MARSH, Jr., Secretary of the Army, Defendant–Appellee.**

**No. 92–1762.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 2, 1993 *.

Decided March 1, 1993.

As Amended April 6, 1993.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed. R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Clara Z. Pack, pro se.

Marvin W. Shumate, Shook & Shumate, Indianapolis, IN, for plaintiff-appellant.

Sue Hendricks Bailey, Carolyn N. Small, Asst. U.S. Attys., Indianapolis, IN, for defendant-appellee.

Before POSNER and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

PER CURIAM.

Clara Pack brought an action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, alleging that her employer, the Department of the Army, had discriminated against her due to her race and religion. The investigating agency of the United States Army Finance and Accounting Center ("USAFAC") accepted part of her complaint for investigation, but dismissed two of her claims due to lack of specificity. After giving Pack an opportunity to further develop her claims, the agency cancelled her complaint for lack of specificity. The Equal Employment Opportunity Commission ("EEOC"), Office of Review and Appeals affirmed the cancellation. Pack then filed an action in the district court. The district court dismissed her claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. We affirm the dismissal on the grounds of lack of subject matter jurisdiction.

*BACKGROUND*

A federal employee who believes that a federal agency has discriminated against her in employment must first consult with one of the agency's Equal Employment Opportunity ("EEO") counselors. 29 C.F.R. § 1613.213. The EEO counselor will attempt to resolve the matter and, if necessary, advise the complainant of her right to file a discrimination complaint. 29 C.F.R. § 1613.204. If the complainant files a complaint, the agency then accepts the complaint for investigation or rejects it. 29 C.F.R. §§ 1613.215–216. A complainant dissatisfied with the agency's determination may appeal to the EEOC. 29 C.F.R. §§ 1613.201, 1613.231.

Clara Pack, a civilian employed by the Department of the Army, works as an accounting technician in the USAFAC. Believing the Army had discriminated against her, Pack contacted an EEO counselor at USAFAC in April 1985. She filed a formal EEO complaint of discrimination in May 1985. She alleged that: a) she did not get a promotion because employees defamed

her name due to race and religion; b) because employees passed information that was defamation of character, she was unable to get "any promotion"; and, c) her "relatives haven't been abled [sic] to get hired." Pack's first allegation, racial and religious discrimination, was accepted by the EEO office for investigation. Her second and third claims were rejected due to lack of specificity.

Pack appealed the non-acceptance of the two claims to the EEOC, Office of Review and Appeals. The EEOC vacated the agency's decision to reject Pack's allegations and remanded to the agency in order to give Pack an opportunity to further develop her claims.

A new EEO counselor at USAFAC notified Pack in writing that Pack should furnish specific information regarding her defamation allegations and their relationship to her denial of promotions; the counselor also requested more information about Pack's relatives.

Pack replied by sending the EEO counselor various documents. The counselor was unable to discern the connection between the materials Pack sent and her allegations. On March 6, 1987, the counselor wrote to Pack again, requesting more specific information about Pack's allegations. She explained the requirement that the alleged discriminatory acts must have occurred within thirty days prior to Pack's first contact with an EEO counselor. She also warned Pack that in the absence of information, she would have to terminate the counseling process and advise Pack of her rights to further review. Pack responded, but she failed to provide the requested information. On May 6, 1987, the counselor submitted her findings and conclusions based on the materials Pack had provided. Her report concluded that Pack's allegations still were unsupported. The report also noted that Pack had refused to sign the Final Interview letter after her final interview on May 1, 1987.

On May 13, 1987, the Department of the Army sent Pack a memorandum notifying her of its final decision to reject allegations (b) and (c). The letter informed her that she had been given several opportunities to provide more specific information, but had failed to do so. As a result, the agency was cancelling her claims for failure to prosecute. Pack was notified that she could appeal the decision to the EEOC, Office of Review and Appeals.

Pack filed a timely appeal with the EEOC. The EEOC affirmed the Army's final decision. Pack then filed an action in the district court where her action was dismissed under Rule 12(b)(6) for failure to state a claim.

## DISCUSSION

■ Exhaustion of administrative remedies is a prerequisite for bringing an action under Title VII charging federal discrimination. *See Brown v. General Services Admin.,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976). If the plaintiff has not exhausted her administrative remedies, the federal courts lack subject matter jurisdiction over the claims. *Johnson v. Bergland,* 614 F.2d 415 (5th Cir. 1980).

A complainant who refuses or fails to make use of the administrative process has not exhausted her administrative remedies; she must comply with the administrative rules. Failure to follow the requirements of the agency may result in the agency's rejection of the complainant's charges. *See, e.g., Johnson,* 614 F.2d at 417.

■ The Army cancelled Pack's complaint, pursuant to 29 C.F.R. § 1613.-215(a)(6), because Pack had failed to prosecute her claims. She failed to make her generalized allegations more specific, despite the repeated requests of the Army. Such a finding, if warranted, demonstrates that Pack failed to prosecute and therefore did not adequately exhaust her administrative remedies. *Johnson,* 614 F.2d at 417; *see also Edwards v. Department of the*

*Army,* 708 F.2d 1344 (8th Cir.1983) (summary judgment proper where complainant failed to provide the EEO officer with information sufficient for her to take action on his complaint); *Jordan v. United States,* 522 F.2d 1128 (8th Cir.1975) (agency dismissed claims for failure to prosecute because complainant deliberately refused to cooperate). If the agency never has the opportunity to reach the merits of the complaint, the federal courts should not examine the merits either. *Johnson,* 614 F.2d at 418 (quoting *Ettinger v. Johnson,* 518 F.2d 648 (3rd Cir.1975)).

The EEO counselor requested specific information from Pack on several occasions. She repeatedly urged Pack to explain how the materials Pack provided had any relation to her allegations of defamation and the non-selection of her relatives. The counselor warned Pack that without specific facts concerning her allegations, the counselor would have to terminate the counseling process. The Army finally cancelled Pack's complaint because she had not provided information sufficient for the Army to take action. By not cooperating with the Army in developing her claims, Pack frustrated administrative review of the merits of her claims.

Thus, for reasons other than those stated by the district court, we AFFIRM the dismissal of the claims filed by Clara Z. Pack.