61 F.3d 906
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clara Z. PACK, Plaintiff-Appellant,
v.
William PERRY, Secretary of the Defense, Defendant-Appellee.
 No. 94-2490.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 7, 1995.*
Decided June 29, 1995.
 
 Before POSNER, Chief Judge, and PELL and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 Appellant Clara Z. Pack brought an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., against her employer, the United States Army. The district court granted summary judgment in favor of the Army and Pack appealed. We affirm.[1]
 
 Facts
 
 2
 Pack is a black woman employed by the Army as an accounting technician. On November 16, 1988, Pack requested tuition assistance to take a cost accounting course at a local university. Pack maintains one of her supervisors suggested she take the course to meet future job requirements, and her immediate supervisor, Beverly Coon, signed the necessary justification form. The application was sent to Dr. Pamela Frederick, the Chief of Training and Development, who was the decision maker for such requests. Frederick reviewed Pack's job description and concluded the cost accounting course was not appropriate, as the course focused primarily on planning and controlling operations, which were outside the scope of Pack's duties. Frederick formally denied Pack's request on December 2, 1988. Prior to the decision, Frederick had never met Pack nor reviewed any of her security files.
 
 
 3
 Subsequent to the denial, Pack met with Frederick and told Frederick that changes in Pack's job made the course necessary. Frederick refused to approve tuition assistance for the course based on Pack's representations, but instead instructed Pack to ask her supervisor to resubmit the request with a new justification. Both Coon and another supervisor, Gloria Johnson, refused to submit a revised justification form.
 
 
 4
 Pack believed the refusal to grant her tuition assistance was based on racial discrimination and retaliation for Pack's past discrimination complaints. Pack had filed several complaints with Equal Employment Opportunity counselors complaining of racial and religious discrimination, both before and after the events at issue here.[2] Pack maintains Coon and Johnson were aware of Pack's past claims, and refused to provide the revised justification as a reprisal. Pack filed suit when her administrative appeal failed.
 
 
 5
 The district court concluded that while Pack established a prima facie case of racial discrimination, the Army had shown a non-discriminatory reason for the decision to deny tuition assistance. The district court also concluded that the retaliation claim was meritless, given Frederick did not know of Pack's past activities at the time of the denial.
 
 Analysis
 
 6
 This court reviews the granting of summary judgment de novo. Roger v. Yellow Freight Systems, Inc., 21 F.3d 146, 148 (7th Cir. 1994). Summary judgment is appropriate when the pleadings, admissions, and affidavits show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing there are no disputed issues of material fact. Roger, 21 F.3d at 148. Further, the court must review the record and draw all reasonable inferences in the light most favorable to the nonmoving party. Id. at 148-49. Where the nonmoving party has the burden of proof on a dispositive issue, however, that party bears the burden of demonstrating a genuine issue for trial on that issue. Id. at 148. A genuine issue for trial exists only if a reasonable jury could find for the nonmoving party based on the record as a whole. Id. at 149.
 
 2. Racial Discrimination
 
 7
 Pack states that her entire appeal is based on "reprisal" (presumably retaliation). Because Pack makes no arguments relevant to her Title VII racial discrimination claim in her opening brief on appeal, these claims are waived. See Bobo v. Kolb, 969 F.2d 391, 400 (7th Cir. 1992).
 
 3. Retaliation
 
 8
 Pack's claim of retaliation also fails. To establish a prima facie case of retaliation under Title VII, a plaintiff must show: 1) that she engaged in protected activity under Title VII; 2) that she suffered an adverse employment action subsequent to her protected activity; and 3) that there exists a causal connection between the adverse employment action and her participation in the protected activity. Koelsch v. Beltone Electronics Corp., 46 F.3d 705, 708 (7th Cir. 1995). Pack can show no nexus between the December 2, 1988[3] decision and her prior activity, as she concedes that Frederick did not know Pack personally nor had any knowledge of Pack's prior protected activities at the time of the decision. No causal link exists if the employer was unaware of the protected activity. See Dey v. Colt Const. & Development Co., 28 F.3d 1446, 1458 (7th Cir. 1994).
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Plaintiff-appellant has filed such a statement. Upon consideration of that statement the court has concluded that oral argument would not be helpful, and the appeal is submitted on the briefs and record
 
 
 [1]
 Also before the court is the Army's motion to strike evidentiary exhibits filed by Pack in her brief. As the material was not presented to the district court, the motion to strike is granted
 
 
 [2]
 Her 1985 complaints of racial and religious discrimination were ultimately resolved in this court. See Pack v. Marsh, 986 F.2d 1155 (7th Cir. 1993)
 
 
 [3]
 Pack spends most of her short brief discussing her earlier case and arguing matters that occurred after the December 2, 1988 decision to deny tuition assistance. These arguments are irrelevant. The 1985 issues were long ago decided against Pack. Further, the district court concluded that only conduct up to and including the December 2, 1988 formal decision was encompassed within the complaint. As Pack has presented no argument regarding the district court's conclusion as to the scope of her complaint, the matter is waived. While pro se pleadings are to be construed liberally, see Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir. 1994), the court is not required to a construct a pro se litigant's argument for them. See generally Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993)