Michael GIBSON, Plaintiff–Appellant,

v.

Togo D. WEST, Jr., Secretary, Department of Veterans Affairs, Defendant–Appellee.

No. 96–3776.

United States Court of Appeals, Seventh Circuit.

Submitted July 19, 1999.

Decided Jan. 24, 2000.

Timothy M. Kelly, Chicago, IL, for Plaintiff–Appellant.

Marleigh D. Dover, Department of Justice, Civil Division, Appellate Section, Washington, DC, for Defendant–Appellee.

Before RIPPLE, MANION, and KANNE, Circuit Judges.

On Remand From the Supreme
Court of the United States

MANION, Circuit Judge.

This case is before us on remand from the Supreme Court. *See Gibson v. Brown,* 137 F.3d 992 (7th Cir.1998), *vacated sub nom. West v. Gibson,* 527 U.S. 212, 119 S.Ct. 1906, 144 L.Ed.2d 196 (1999). In *Gibson,* we held that plaintiff Michael Gibson did not seek compensatory damages before the Equal Employment Opportunity Commission (EEOC) as part of his Title VII discrimination claim against his employer, the Veterans Administration (VA). *Id.* at 994. We concluded, however, that the requirement that Gibson exhaust his administrative remedies did not apply to his request for such relief because the EEOC did not possess the statutory authority to award compensatory damages. As a result, we held that Gibson could seek such relief in the district court, and that it had erred in dismissing his claims for a failure to exhaust. *See id.* at 994–998.

· The Supreme Court vacated our decision in this matter, holding that the EEOC possesses the authority under 42 U.S.C. § 2000e–16(b) to order federal agencies to pay compensatory damages when they discriminate in employment. *See West,* 119 S.Ct. at 1912–13. Before the Supreme Court, Gibson argued that if the Court vacated our decision, it should still allow him to proceed in the district court on an alternative ground. *See id.* at 1912. More specifically, he argued in the Supreme Court that he satisfied the exhaustion requirement, "even if he did not give notice to the EEOC that he sought compensatory damages", because "(1) the requirement of notice for exhaustion purposes is unusually weak in respect to compensatory damages, (2) he did request a 'monetary cash award,' and (3) special circumstances estop the Government from asserting a 'no exhaustion' claim in this case." *Id.* The Supreme Court directed us to "determine whether these questions have been properly raised and, if so, decide them." *Id.*

The parties have filed their Statements pursuant to Circuit Rule 54 as to how this court should proceed. The VA argues that Gibson did not raise before us his first ground (the notice requirement is "weak" for compensatory damages), that this court has already ruled against Gibson with respect to his second ground (he requested a "monetary cash award"), and that his third ground is legally ill-founded (estoppel is inapplicable, the VA argues, to the requirement of exhaustion). Gibson contends, without showing where, that he has raised all three alternate grounds, and he requests leave to file supplemental briefs on these issues.

■ Upon reviewing Gibson's briefs pursuant to the Supreme Court's directive, we find that Gibson has not preserved his first and second alternate grounds. As a general matter, Gibson did not alternatively argue in this court that he had exhausted his administrative remedies with respect to compensatory damages, let alone make either of these two more specific alternative arguments. Rather, before us Gibson argued that the district court erred in construing his request for compensatory damages as a new claim rather than a new request for relief, and that he had exhausted his administrative remedies because the exhaustion requirement *does not apply to forms of relief* (according to him, it only applies to claims).[1] Initial Brief at 20–26. Thus, far from arguing that he had satisfied the requirement of exhaustion with respect to compensatory damages, Gibson argued that he *did not have to do so. See, e.g., id.* at 21 ("Federal case law on exhaustion and federal regulations on dis-

crimination refer to the claim as the discriminatory conduct, not the request for relief."); *id.* at 25 ("The district court's ruling on exhaustion treated a category of damages as if it was [sic] a separate claim, but neither the case law nor the administrative regulations support this approach. To the contrary, the case law and the regulations treat parties as having exhausted their administrative remedies when they set out the basic facts indicating discriminatory conduct."). He persisted with this premise in his reply brief. *See* Reply Brief at 10 ("The law holds to the contrary, that the claim which must be exhausted consists of the facts indicating discrimination, and that the claimant's request for relief is entirely hortative."). This is much different from arguing, for example, as he now does, that the doctrine *does* in fact *apply to remedies,* albeit (according to Gibson) in a "weaker" form. So not only did Gibson fail to make either of his first two, alternate arguments, he actually argued an opposite premise in terms of the basic need to exhaust administrative *remedies.*[2] Accordingly, we find that Gibson has waived his first two alternative arguments by not previously raising them before this court. *See Russo v. Health Welfare & Pension Fund,* 984 F.2d 762, 769 (7th Cir.1993) (arguments made for the first time on appeal are waived).

The VA concedes that Gibson has preserved his third alternative argument, estoppel, and when this case was previously before us, both parties briefed this issue. Thus, we may decide the estoppel question without the additional briefing Gibson requests. *See West,* 119 S.Ct. at 1912.

---

1. The additional arguments Gibson made were that exhaustion was not required because: (1) the EEOC lacked the statutory authority to award compensatory damages, Initial Brief at 26–30; and (2) the VA should be estopped from requiring exhaustion in this case. *Id.* at 30–32.

2. The VA notes the additional problem with Gibson's second alternative argument: implicit in our holdings that Gibson did not ask for compensatory damages and that he thereby did not exhaust his administrative reme-

dies was our conclusion that his one-time request to an EEOC investigator for a "monetary cash award," did not constitute a request for compensatory damages and thus did not satisfy the exhaustion requirement. *Gibson,* 137 F.3d at 994 ("At one point, Gibson did instruct the EEOC investigator that he would settle his case for a 'monetary cash award'.... It would be simpler if we could say that [by doing so] Gibson put the EEOC on notice he was seeking compensatory damages ... but the record does not support it.").

2] As a threshold matter, each side disagreed as to whether a failure to exhaust administrative remedies was a jurisdictional flaw or simply a condition precedent to bringing an action in federal court. The VA noted that in *Pack v. Marsh*, 986 F.2d 1155, 1157 (7th Cir.1993), we held it was jurisdictional, while Gibson pointed to our decision in *Charlie F. v. Board of Education of Skokie School District 68*, 98 F.3d 989, 991 (7th Cir.1996), where we stated it was merely a precondition to filing. The answer to this question dictates whether Gibson may, as a matter of law, avail himself of the estoppel defense. If a failure to exhaust is a jurisdictional requirement, then Gibson cannot cite estoppel to excuse his failure to exhaust administrative remedies and our inquiry is at an end. *See generally Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) ("The single question . . . is whether the timely filing of an EEOC charge is a jurisdictional prerequisite to bringing a Title VII suit in federal court or whether the requirement is subject to waiver and estoppel."). Some district courts, including the district court in this case, cite *Pack;* others have implicitly concluded that in light of other decisions of this court, *Pack* is erroneous. *Compare Allen v. Runyon*, No. 97–C–8701, 1999 WL 350851, at *2 (N.D.Ill. May 26, 1999) (citing *Pack*) ("If Allen has not exhausted his administrative remedies, this court lacks subject matter jurisdiction to decide his claims."), *and Hill v. Runyon*, 959 F.Supp. 488, 493, 496 (N.D.Ill.1997) (citing *Pack*, then holding that court lacked "subject matter jurisdiction over the Title VII claims . . . because [plaintiff] failed to exhaust administrative remedies."), *with Salerno v. Runyon*, No. 92–C–3679, 1993 WL 311923, at *1 n. 1 (N.D.Ill. Aug. 11, 1993) (declining to follow *Pack*) ("Exhaustion of administrative remedies is not a jurisdictional prerequisite to plaintiff's discrimination claims."), and *Cullom v. Brown*, No. 96–C–1925, 1998 WL 142429, at *2 n.3 (N.D.Ill. March 24, 1998) (same). After reviewing the law in this area, we conclude that *Charlie F.* is the correct and current law; a failure to exhaust administrative remedies is not a jurisdictional flaw.

In *Zipes*, the Supreme Court held that with respect to a suit against a private employer, the timely filing of an EEOC charge—the initial step on a path to exhausting administrative remedies—is not a jurisdictional requirement to bringing a Title VII claim in federal court; rather, it is like a statute of limitations and is thus subject to the doctrines of "waiver, estoppel, and equitable tolling." 455 U.S. at 393, 102 S.Ct. 1127. Following *Zipes,* in 1990 this court overruled an earlier decision, *Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1994), and held that with respect to a suit against a governmental employer, the timely filing of an EEOC charge is also not a jurisdictional requirement to bringing a Title VII claim in federal court. *Rennie v. Garrett*, 896 F.2d 1057, 1061–1062 (7th Cir. 1990). Ten months later the Supreme Court validated our holding in *Rennie*. In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), it rejected the VA's sovereign immunity argument and held that with respect to a Title VII claim against a public employer, the timely filing of a lawsuit is not a jurisdictional requirement but (again) is a precondition, like a statute of limitations, that is subject to equitable tolling. In 1994 and 1996, this court applied the same rationale as in *Rennie* and held that the intermediate and initial time limits for filing administrative complaints, respectively, are not jurisdictional requirements but are preconditions subject to the doctrines of equitable tolling and estoppel. *See White v. Bentsen*, 31 F.3d 474, 475 (7th Cir.1994), *Bohac v. West*, 85 F.3d 306, 311 (7th Cir.1996).

This court has held that other components (besides filing deadlines) of the requirement to exhaust administrative remedies are not jurisdictional absolutes but are preconditions that are subject to equitable defenses. For example, in *Babrocky v. Jewel Food Company*, 773 F.2d 857, 864

(7th Cir.1985), we stated that the rule that the scope of an EEOC charge limits the scope of a subsequent complaint is analogous to timely filing requirements and is thus not a jurisdictional rule. Similarly, in *Schnellbaecher v. Baskin Clothing Company,* 887 F.2d 124, 126 (7th Cir.1989), we held that the rule that a failure to name a party in an EEOC charge prevents that party from being sued under Title VII, is "not jurisdictional, but rather is like a statute of limitations, in that it is subject to waiver, estoppel and equitable tolling."

*Pack* involved Title VII while *Charlie F.* concerned the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* Nevertheless, *Charlie F.'s* general pronouncement on exhaustion is more in line with the Supreme Court's and our decisions (particularly *Rennie*) on Title VII. Consequently, *Pack* appears to stand alone. To clear up the confusion that it has created in this and in several other cases, we overrule *Pack* and hold that, as a general matter, the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement.[3] Logically, then, the particular component of exhaustion at issue in this case—Gibson's failure to request the remedy he now seeks (compensatory damages)—is a precondition, like other components of the exhaustion doctrine, *supra,* not a jurisdictional requirement. Thus, as a matter of law, Gibson is not precluded from attempting to use equitable estoppel to excuse his failure to request compensatory damages before the EEOC.

[◼ ◼] Gibson has a Pyrrhic victory, however, because equitable estoppel against the government is disfavored and is rarely successful. *Edgewater Hosp., Inc. v. Bowen,* 857 F.2d 1123, 1137–1138, *as amended,* 866 F.2d 228 (7th Cir.1989). In addition to the four elements that must

be satisfied to invoke estoppel against a private party, equitable estoppel against the government requires a fifth: that the government has engaged in "affirmative misconduct." *See id.* at 1138 (listing elements). This is more than mere negligence. *Mendrala v. Crown Mortgage Co.,* 955 F.2d 1132, 1141 (7th Cir.1992). It requires an affirmative act to misrepresent or mislead. *Id.* at 1141–1142. Gibson does not satisfy this element because the "inequity" he cites is the VA's failure to advise him of his right to seek compensatory damages and his obligation initially to do so administratively. This is not an *affirmative* act; it is an *omission* that at most amounts to "ordinary" negligence. *Id.* at 1142. Indeed, this court has specifically stated that a government's failure to discharge an "affirmative obligation" is not the same as engaging in "affirmative misconduct." *Edgewater Hosp.,* 857 F.2d at 1138 n. 8. Thus, Gibson's equitable estoppel argument fails on the merits.[4]

The Supreme Court has reversed this court's decision that would have given Gibson an additional hearing in another forum. That option being foreclosed, Gibson has now had a decision on all the claims he presented to the EEOC. The district court's dismissal of Gibson's claim for compensatory damages is therefore AFFIRMED.

---

**3.** Because this opinion partially overrules *Pack v. Marsh,* it has been circulated among all judges of the court in regular active service pursuant to Circuit Rule 40(e). No judge favored rehearing *en banc.*

**4.** Gibson's argument would also fail because the "party claiming estoppel has the burden of demonstrating the elements," *id.* at 1138, and Gibson did not list, let alone analyze, the elements of equitable estoppel.