**Joan BENIUSHIS, Plaintiff–Appellant,**

**v.**

**Jo Anne B. BARNHART, Commissioner of the U.S. Social Security Administration, Defendant–Appellee.**

**No. 01–4240.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 10, 2002.

Decided Oct. 4, 2002.

Before FLAUM, Chief Judge, BAUER, MANION, Circuit Judges.

## ORDER

Appellant Joan Beniushis appeals the decision of the district court denying her claims that she was discriminated against because of her age, race, and sex, and in retaliation for complaining about discrimination by her employer, the Social Security Administration. We affirm.

## I. Background

Joan Beniushis is a white female born in 1931 who was formerly employed by the Social Security Administration ("SSA"). In 1986, she was hired by the SSA as a clerk at the GS–3 grade level. Beginning in 1987 she was employed at the GS–4 grade level as a clerk-typist until May 1991, at which point all such positions were upgraded to the GS–5 level. In July 1991, she obtained a lateral promotion to a different position which started at the GS–5 grade level, but provided for yearly promotions and salary increases to the GS–6 and GS–7 level. She reached the GS–6 level on June 17, 1992, and the GS–7 level on May 30, 1993. Beniushis retired from her employment with the SSA as a GS–7 service representative in July 1993.

She claims that she was denied promotions during her employment with the SSA because of her age, race, sex and in retaliation for her complaints about her lack of promotions. Beniushis filed a number of informal complaints of discrimination between November 1988 through October 1989. However, in 1990, she obtained a new supervisor, and based on his assurances that past problems would be remedied, she withdrew all of her discrimination complaints. She was not promoted in the following year and on April 18, 1991, Beniushis conferred with an EEO counselor and again began the informal complaint process. Her formal complaint of discrimination was finalized on May 29, 1991. In 1997, after several procedural and administrative delays, the EEOC eventually rejected her claims of discrimination. She then filed a complaint in district court alleging (a) intentional age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., (b) intentional sex and race discrimination in violation of Title VII of Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and (c) retaliation in violation of the ADEA and Title VII. A one-day bench trial was held on October 3, 2001 and the district court found that Beniushis was not able to show that the SSA promotion decisions were based on illegitimate grounds and dismissed her cause of action with prejudice. Beniushis appeals.

## II. Analysis

In three well reasoned partial summary judgment orders, the district court limited Beniushis' claims of discrimination to three denials of promotion based on age and race discrimination that occurred during

the period from March 18, 1991 through July 31, 1991 (Vacancy 17, Vacancy 40 and the May 5 Vacancy). *See Beniushis v. Appel* [sic], 1998 WL 852300 (N.D.Ill. Dec. 2, 1998) ("Beniushis I"); *Beniushis v. Apfel*, 2000 WL 877021 (N.D.Ill. July 3, 2000) ("Beniushis II"); *Beniushis v. Apfel*, 2001 WL 303548 (N.D.Ill. March 27, 2001) ("Beniushis III"). Beniushis' attorney stipulated that the amount of damages based on the denial of these three promotions was only $341.60. In another thorough order the district court then dismissed those claims based on her failure to meet her burden of proof that either the SSA promotion decisions were based on illegitimate grounds or that the proffered reasons for those decisions were pretextual. *See Beniushis v. Massanari*, 98 C 0395, *6 (N.D.ILL. Oct. 22, 1991) ("Beniushis IV").

On appeal, Beniushis claims that her claims were improperly limited to the time period between March 18, 1991 through July 31, 1991 because there was a continuing violation and a concealed pattern of discrimination that began in 1988 and continued through her retirement in 1993. She also contends that the district court improperly denied her discovery of statistical evidence of the SSA's affirmative action program, and discovery of complaints of discrimination filed by other employees in a disparate treatment action. Finally she argues that the district court erred under the burden-shifting method of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), by permitting the SSA to present hearsay and irrelevant evidence as their proffered reasons for her denial of promotions.

The district court properly limited her claims to the time period 30 days prior to her EEO complaint in May 1991, through the time of her eventual promotion in July 1991. At the time that Beniushis alleges the discrimination occurred, federal regulations (29 C.F.R. § 1613.214(a)(1)(i) (1990)) required a federal employee to bring a complaint of discrimination to the attention of an EEO counselor within 30 days of the conduct giving rise to the complaint. *See Rennie v. Garrett*, 896 F.2d 1057, 1059 (7th Cir. 1990); *see also Gibson v. West*, 201 F.3d 990, 993 (7th Cir.2000).[1] The failure to timely file an informal complaint raising a particular issue or the failure to fully exhaust administrative remedies ordinarily will preclude a plaintiff, like Beniushis, from raising such claims in a court action. *See Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir.1996); *see also Gibson*, 201 F.3d at 993–94. Because Beniushis withdrew her prior EEO complaints she cannot now raise those denials in a court action unless they are part of a continuing violation. The continuing violation theory can only be invoked if the unlawful conduct is covert and the exercise of reasonable diligence would not have uncovered the unlawful conduct. *See Speer v. Rand McNally & Co.*, 123 F.3d 658, 664 (7th Cir.1997). However, Beniushis was fully aware of any prior discrimination that she now alleges occurred, as she filed, but later withdrew, EEO claims to that effect beginning in 1988. Because she cannot point to any "covert conduct," she cannot rely on the continuing violation doctrine to expand her claim before the dates set by the district court. Additionally, she did not allege that she had an application on file at the SSA that would have qualified her for promotions past July 1991, and therefore cannot point to any promotions that she was denied after that date. The district court therefore properly limited her claims to Vacancy 17, Vacancy 40 and the May 5

---

1. The 30–day limit has been replaced with a 45–day limit. 29 C.F.R. § 1614.105(a)(1).

Vacancy. Based on this limited time period, she has stipulated that if discrimination is shown in these three incidents, the actual damages that she is due amounts to only $341.60. The damages in this case are minimal because a few months following the alleged discriminatory treatment Beniushis actually received a promotion similar to the ones she claims she was passed over for in April and May 1991.

■ Next, Beniushis contends that she met her initial burden under *McDonnell Douglas* by submitting uncontroverted evidence that: (1) she was the member of a protected class (white female over 40 years of age); (2) she was qualified for the May 5 Vacancy; (3) she did not receive that promotion; and (4) the promotion was given to another similarly qualified Hispanic female employee under the age of 40. She then contends that the SSA failed to meets its burden to show that the failure to promote Beniushis stemmed from a non-discriminatory reason because the evidence they offered was irrelevant and based on hearsay. At trial, the SSA presented evidence that the woman who was given the May 5 promotion was able to communicate in Spanish and that skill made her more appropriate for the position than Beniushis. Due to the intervening death of the manager who made the actual May 5 decision, that evidence was presented through testimony of an SSA manager, Steven Donnell, who was not involved in the promotion decision, but was knowledgeable about the skills of the woman who received the promotion instead of Beniushis.

Beniushis' argument that the district court did not appropriately follow the *McDonnell Douglas* framework during the trial is incorrect. It is true that Donnell's testimony may not have been adequate to defeat a summary judgment motion under the *McDonnell Douglas* burden-shifting

framework. But this case went to trial, and it is not generally appropriate to introduce that framework at trial. By that time, the prima facie question has been resolved and the focus is on the ultimate question of whether or not discrimination occurred. *United States Postal Serv. Bd. v. Aikens*, 460 U.S. 711, 714, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983). "Once the judge finds that the plaintiff has made the minimum necessary demonstration (the 'prima facie case') and that the defendant has produced an age-neutral explanation, the burden-shifting apparatus has served its purpose, and the only remaining question ... is whether the plaintiff is a victim of intentional discrimination." *Gehring v. Case Corp.*, 43 F.3d 340, 343 (7th Cir.1994). The district court appropriately heard this testimony and accurately addressed the question of whether Beniushis had been subject to discrimination. We agree with the district court's reasoning and conclusion that the SSA did not make employment decisions affecting Joan Beniushis with regard to race, age or sex of the candidates.

■ Finally, we address Beniushis' claims that she was denied full discovery. A trial court's decision regarding the admissibility of evidence is reviewed on an abuse of discretion standard, and the complaining party must show that the denied discovery resulted in actual and substantial prejudice. *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997). Beniushis has not demonstrated actual or substantial prejudice, especially in consideration of the extensive judicial resources that have already been expended in this case, where actual damages are less than $500.00. For the reasons stated in the district court's thorough analyses in *Beniushis I, II,* and *III,* we affirm the district court and find that court did not

abuse its discretion in denying her discovery requests.

### III.  Conclusion

For the foregoing reasons and for the reasons set out by the district court, we AFFIRM.