Michelle K. HARRIS, Plaintiff–
Appellant,

v.

FIRSTAR BANK MILWAUKEE,
N.A., n/k/a U.S. Bank, N.A.,
Defendant–Appellee.

No. 03–3290.

United States Court of Appeals,
Seventh Circuit.

Submitted April 28, 2004.*

Decided April 30, 2004.

Michelle K. Harris, Milwaukee, WI, pro se.

Deborah A. Krukowski, Krukowski & Costello, Milwaukee, WI, for Defendant–Appellee.

Before RIPPLE, KANNE, and DIANE P. WOOD, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Michelle Harris, who is African–American, filed a complaint against her previous employer, Firstar Bank of Milwaukee, now known as U.S. Bank, alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17. The district court granted summary judgment to U.S. Bank. Harris appeals, and we affirm.

Harris's allegations arise out of her unsuccessful attempts to obtain a promotion to a higher-grade position at Firstar. In December 1999 she was employed in the Return Items Department at a Grade 9 pay level. That month the bank posted a new position—Customer Service Processing Specialist at a Grade 10 pay level—for which current employees were invited to apply. Harris applied for the position but was not hired. The bank instead selected two workers with more seniority who had been displaced from positions with the bank: Michelle Griffin and Victoria Salinas. Salinas transferred out of the Customer Service position in February 2000.

In 2000 Firstar merged with Mercantile Bank. Because of the merger, the bank froze hiring for new positions within the Return Items Department and did not immediately fill the position left by Salinas. Throughout the year Harris helped Griffin perform duties associated with the Customer Service position, but she was not hired into the position and did not receive Grade 10 pay; for her assistance she instead received a union incentive bonus and merit increase. After management lifted the hiring freeze in December 2000, Harris was promoted to a different Grade 10 position with the same pay and benefits as the Customer Service position. Still upset over not being promoted earlier to the Customer Service position, however, Harris filed an EEOC complaint.

Harris was generally unhappy in her new position. Restructuring in the Return Items Department in early 2001 resulted in modified job responsibilities and a revised work schedule requiring overtime, both of which she viewed as less compatible with her personal preferences. Harris also began to notice that her supervisors made "sarcastic comments" to her, gave her "dirty looks," and scrutinized her work more than that of other associates. She took a disability-related leave of absence from April 2001 until July 2002, before resigning in September 2002.

Harris received a right-to-sue letter in July 2001 and filed this suit while still on leave. In her complaint she alleged that U.S. Bank discriminated against her based on her race by failing to promote her to the Customer Service position and by failing to pay her a Grade 10 salary for performing functions of the Customer Service position throughout 2000. She also alleged that the offensive and intimidating comments made by her supervisors were in retaliation for her filing a complaint with the EEOC.

A magistrate judge, proceeding with the parties' consent, see 28 U.S.C. § 636(c), granted summary judgment to U.S. Bank. On Harris's discrimination claim, the magistrate judge concluded that Harris had failed to establish a *prima facie* case of discrimination because she had not shown that a similarly situated employee outside her protected class was treated more favorably. The judge also concluded that U.S. Bank's refusal to pay Harris a Grade 10 salary was not discriminatory because Harris was not performing all of the duties of the Grade 10 position. With regard to Harris's retaliation claim, the judge determined that the supervisors' comments and gestures did not constitute an actionable adverse employment action. We review the district court's grant of summary judg-

ment *de novo* and examine the facts in the light most favorable to Harris, the non-moving party, drawing all reasonable inferences in her favor. *Koski v. Standex Int'l Corp.*, 307 F.3d 672, 676 (7th Cir. 2002).

On appeal Harris argues generally that the magistrate judge erred in granting summary judgment to the bank, reiterating that U.S. Bank discriminated against her by failing to promote her and failing to increase her salary, and that supervisors at U.S. Bank retaliated against her by making "derogatory" and "intimidating" comments. To succeed on any of her claims, Harris would have to prove a *prima facie* case of discrimination or retaliation by showing that (1) she belongs to a protected class; (2) she was qualified for the position sought or met the employer's legitimate work expectations; (3) she was rejected for that position or the employer took adverse employment action against her; and (4) the employer treated similarly situated employees outside the protected class (or who did not complain) more favorably. *Volovsek v. Wis. Dep't of Agric., Trade, and Consumer Prot.*, 344 F.3d 680, 692 (7th Cir.2003).

■ As the magistrate judge correctly found, all of Harris's claims fail because she cannot prove a *prima facie* case of either discrimination or retaliation. Her failure-to-promote claim is unsuccessful because she cannot prove the fourth prong of the *prima facie* case: that similarly situated employees outside a protected class were treated more favorably.[1] To prove that a similarly situated employee was treated more favorably, an employee must offer evidence about a "comparable" employee, or someone who "is similarly situated with respect to performance, qualifications and conduct." *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 546 (7th Cir.2002) (quoting *Radue v. Kimberly–Clark*, 219 F.3d 612, 618 (7th Cir. 2000)). But the only employees Harris discusses were not comparable with respect to qualifications; Griffin and Salinas, who were hired into the Customer Service position in January 2000, had greater seniority than Harris and had been displaced from previous positions at U.S. Bank. Thus, Harris cannot show that they were comparable. *Peters*, 307 F.3d at 546. And Harris has not suggested that any other employee at U.S. Bank was similarly situated.

■ Harris's remaining discrimination claim—that U.S. Bank discriminated against her by failing to pay her a Grade 10 salary for the customer service work she performed in 2000—is similarly unavailing, because she has not shown that she performed all the duties of the position to qualify for the Grade 10 pay level. At summary judgment U.S. Bank submitted affidavits from supervisors confirming that the position required an employee to perform numerous functions that Harris admits she did not perform. Harris argues that these duties were not required of the individual who was employed as a Customer Service associate. But she points to no evidence—other than her own assertion—disputing the statements in the affidavits that the Grade 10 associate did perform those tasks. Harris's mere protestations

---

1. Harris's failure-to-promote claim may have also been untimely filed. The magistrate judge acknowledged as much in her order but went on to conclude that even if her claim was timely, Harris could not prove a *prima facie* case of discrimination. On appeal U.S. Bank does not challenge the timeliness of this claim. Since the timely filing of an EEOC charge is not a jurisdictional prerequisite to a suit under Title VII, it is subject to waiver, *Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000). Accordingly, U.S. Bank has waived any argument that Harris untimely filed her failure-to-promote claim. *Id.*

are insufficient to challenge the district court's grant of summary judgment on this claim. *See Luellen v. City of East Chicago,* 350 F.3d 604, 610 (7th Cir.2003) (noting that "pure speculation" is insufficient to raise a genuine issue of material fact to preclude summary judgment).

■ Finally, Harris's retaliation claim fails because the actions of which she complains—intimidating comments, dirty looks, and increased scrutiny by her supervisors—even if true, do not constitute adverse actions by her employer. The definition of an adverse employment action is broader in the retaliation context than in the discrimination context. *See Herrnreiter v. Chicago Hous. Auth.,* 315 F.3d 742, 745–46 (7th Cir.2002) (citing *McDonnell v. Cisneros,* 84 F.3d 256, 258–59 (7th Cir. 1996)). To succeed on her retaliation claim, Harris need not have suffered an adverse action that is "employment-related," but nevertheless she must show that "some action on the employer's part ... cause[d] her to suffer a real harm." *Johnson v. Cambridge Indus., Inc.,* 325 F.3d 892, 902 (7th Cir.2003). Even under the broader standard governing retaliation claims, Harris's allegations of inappropriate supervisory behavior do not suggest a degree of harm sufficient to constitute an adverse employment action. *Id.* (employer's decision to document complaints of employee's unsatisfactory job performance, while "troublesome," did not constitute the "necessary harm" amounting to an adverse employment action).

AFFIRMED.