**George A. MURRAY, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 92–4071.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 26, 1993.*

Decided May 13, 1994.

Rehearing and Suggestion for Rehearing In Banc Denied June 8, 1994.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Cir-

George A. Murray, pro se.

Gary R. Allen, Kenneth L. Greene, Robert W. Metzler, Depart. of Justice, Tax Div., Appellate Section, Washington, DC, for C.I.R.

Before POSNER, Chief Judge, and RIPPLE and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

George A. Murray filed a petition seeking a redetermination of an alleged deficiency in income tax. The Tax Court dismissed for lack of jurisdiction, and Murray appeals. We affirm.

## I.

In April and May 1992, the IRS, acting pursuant to 26 U.S.C. § 6201(a)(3),[1] sent Murray two notices of its intent to levy on account of an underpayment of tax resulting from the disallowance of a withholding credit. On June 20, 1992, Murray initiated this action to challenge what he labeled a disputed "deficiency." His petition before the Tax Court indicated that although he had received two notices of an intention to levy, he believed that the notices did not "constitute a valid notice of determination of deficiency" and that the Tax Court accordingly lacked jurisdiction over his petition. He had proceeded to file the petition, however, because he found the case law "not entirely clear" as to what is sufficient to constitute a determination and notice of deficiency. Murray indicated that because a taxpayer is required to challenge a deficiency determination within ninety days after a notice of deficiency is mailed (26 U.S.C. § 6213(a)), he felt obliged to file the instant petition to protect his rights.

The IRS moved to dismiss for lack of jurisdiction, and when Murray failed to respond, the Tax Court dismissed Murray's petition on that ground. Murray then moved for reconsideration of the dismissal, and the Tax Court reaffirmed its ruling, finding that the two notices of intent to levy could not be considered notices of deficiency, as neither notice had advised Murray that a deficiency had been determined. Moreover, the Tax Court found that neither notice had been intended by the Service as a notice of deficiency. Although Murray's petition had intimated that the Tax Court lacked jurisdiction, he nonetheless appealed the dismissal order to this court. We have jurisdiction to consider his appeal pursuant to 26 U.S.C. § 7482.

## II.

The IRS is authorized to make various types of assessments (26 U.S.C. § 6201), and

cuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

1. That section provides:
   If on any return or claim for refund of income taxes under subtitle A there is an overstatement of the credit for income tax withheld at the source, or of the amount paid as estimated income tax, the amount so overstated which is allowed against the tax shown on the return or which is allowed as a credit or refund may be assessed by the Secretary in the same manner as in the case of a mathematical or clerical error appearing upon the return....
   26 U.S.C. § 6201(a)(3).

among the most common are summary assessments and deficiency assessments. The tax owed by an individual taxpayer in accordance with his personal income tax return is technically "assessed" under section 6201(a)(1). A deficiency assessment, by contrast, generally results from a finding that a tax return understates the taxpayer's liability or that the taxpayer failed to file a return. The deficiency is the tax imposed by the IRS, less the tax determined by the taxpayer to be owed on his return. 26 U.S.C. § 6211(a); *Laing v. United States,* 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976). Unlike a summary assessment, a deficiency assessment requires the IRS to follow a number of statutory steps before it may undertake to collect the deficiency. For instance, the IRS must send the taxpayer a notice of deficiency (26 U.S.C. § 6212(a)) and then refrain from further action for ninety days, during which time the taxpayer is authorized to file a petition for a redetermination in the Tax Court. 26 U.S.C. § 6213(a).

■ But the Tax Court has no jurisdiction to redetermine an alleged deficiency unless the IRS first issues a notice of deficiency. *See, e.g., Laing,* 423 U.S. at 165 n. 4, 96 S.Ct. at 477 n. 4 ("A deficiency notice is of import primarily because it is a jurisdictional prerequisite to a taxpayer's suit in the Tax Court for redetermination of his tax liability"); *Portillo v. Comm'r of Internal Revenue,* 932 F.2d 1128, 1132 (5th Cir.1991) ("the Tax Court only has jurisdiction when the Commissioner issues a valid deficiency notice and the taxpayer files a timely petition for redetermination"); *Robinson v. United States,* 920 F.2d 1157, 1160 (3d Cir.1990) (notice of deficiency is the taxpayer's "ticket to the Tax Court" and is "a jurisdictional prerequisite to a suit in that forum" (internal quotation omitted)). Because the IRS here did not send Murray a notice of deficiency before he petitioned for a redetermination, the Tax Court lacked jurisdiction over his petition.

■ Although Murray maintained in his petition that the notices of an intent to levy did not constitute valid notices of deficiency,

he now suggests that the levy notices should be considered as deficiency notices because they allegedly contain the necessary elements of a deficiency notice. "Although there is no prescribed form for a deficiency notice, the notice must at a minimum (1) advise the taxpayer that the IRS has determined that a deficiency exists for a particular year, and (2) specify the amount of the deficiency or provide the information necessary to compute the deficiency." *Portillo,* 932 F.2d at 1132; *see also Abrams v. Commissioner,* 84 T.C. 1308, 1310, 1985 WL 15363 (1985), *aff'd mem., sub nom., Becker v. Comm'r of Internal Revenue,* 799 F.2d 753 (7th Cir.), *cert. denied,* 479 U.S. 963, 107 S.Ct. 461, 93 L.Ed.2d 406 (1986). The notices here do not meet even these minimal requirements, as they do not state that a deficiency has been determined. The notices instead are clearly entitled "Notice of Intent to Levy," and they make a demand for payment with the warning that the IRS may issue a notice of levy if payment is not forthcoming. *See Kellogg v. Commissioner,* 88 T.C. 167, 171–74, 1987 WL 49266 (1987) (demand letter from IRS was a demand for payment and did not constitute a notice of deficiency).

In sending these notices, the IRS was proceeding pursuant to 26 U.S.C. § 6201(a)(3), which applies to assessments that correct an overstatement of the credit for income tax withholding or the amount paid as estimated taxes. Section 6201(a)(3) provides that the overstated amount "may be assessed by the Secretary in the same manner as in the case of a mathematical or clerical error appearing upon the return...." *See Schlosser v. Commissioner,* 94 T.C. 816, 824–25, 1990 WL 77191 (1990). Section 6213(b)(1), in turn, provides that a notice of an assessment arising out of a mathematical or clerical error "shall not be considered as a notice of deficiency" for the purpose of conferring jurisdiction upon the Tax Court under section 6213(a). The statute further provides that "the taxpayer shall have no right to file a petition with the Tax Court based on such notice." 26 U.S.C. § 6213(b)(1);[2] *see also*

---

**2.** Moreover, the Service is not prohibited from collecting the assessed amount for a period of

ninety days (*id.*) as it is when a deficiency has

*Johnston v. Commissioner,* 52 T.C. 792, 1969 WL 1598 (1969) (notice of tax due for under-payment of estimated tax not a deficiency notice), *aff'd,* 429 F.2d 804 (6th Cir.1970).

When Murray failed to pay the additional tax here, a lien arose in favor of the government pursuant to 26 U.S.C. § 6321, and the IRS sent a notice of intent to levy on that lien pursuant to 26 U.S.C. § 6331(d). As the notice indicated, the IRS was then authorized by statute to proceed against Murray's property without providing him a notice of deficiency. Murray cannot avoid execution of the lien in these circumstances by filing a petition in the Tax Court.

For the foregoing reasons, we affirm the Tax Court's judgment dismissing this case for lack of jurisdiction.

AFFIRMED.

been determined and a notice of deficiency has been mailed. *See* 26 U.S.C. § 6213(a).