T.C. Summary Opinion 2001-178

UNITED STATES TAX COURT

DENNIS J. LAWLESS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1926-00S.                    Filed November 28, 2001.

Dennis J. Lawless, pro se.

<u>John E. Glover</u>, for respondent.


THORNTON, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  The decision to be entered is not
reviewable by any other court, and this opinion should not be
cited as authority.  Unless otherwise indicated, all subsequent
section references are to the Internal Revenue Code in effect for
the year in issue, and all Rule references are to the Tax Court
Rules of Practice and Procedure.

Respondent determined a $5,762 deficiency in petitioner's 1997 Federal income tax and a $1,150 accuracy-related penalty pursuant to section 6662.

After concessions,[1] the issues for decision are: (1) Whether petitioner is subject to the section 72(t) 10-percent additional tax on an early distribution from a section 401(k) retirement plan; and (2) whether respondent properly determined a deficiency based upon an amount erroneously refunded to petitioner after an erroneous abatement of petitioner's entire 1997 tax liability.

---

[1] On brief, respondent concedes the sec. 6662 penalty and also concedes adjustments in the notice of deficiency increasing petitioner's taxable income by $33 of interest income and $317 of wages.

A handwritten statement that is included among the parties' stipulations (but that is initialed only by respondent's counsel) indicates that petitioner concedes that he is not entitled to a $27 deduction for bank fees, as allowed in the notice of deficiency. Assuming that the stipulation is not binding on petitioner, who never initialed it, we nevertheless deem petitioner to have conceded that he is not entitled to the $27 deduction, having never claimed this deduction on his 1997 income tax return in the first instance and having failed to address the issue before, during, or after the trial.

Although petitioner's 1997 income tax return reflects a claimed deduction of $5,807 for a contribution to an individual retirement account (IRA), at trial petitioner testified that he was not claiming an IRA deduction and that he had left this line blank on his 1997 tax return as filed. Accordingly, we deem petitioner to have conceded that he is not entitled to any IRA deduction.

## Background

The parties have stipulated some of the facts, which we incorporate herein by this reference. When he petitioned the Court, petitioner resided in Knoxville, Tennessee.

During 1997, petitioner received an $11,747 distribution from the Denso Associates' 401(k) Retirement Plan (the Denso Plan distribution). Petitioner was then 42 years old. He deposited no portion of the Denso Plan distribution into another qualified plan.

On his 1997 Federal income tax return, filed April 15, 1998, petitioner did not compute his tax liability but rather elected to have respondent compute it. Petitioner's 1997 tax return lists the $11,747 Denso Plan distribution as taxable income, in addition to $22,168 of wages and $372 of unemployment compensation. Petitioner's 1997 tax return also shows total Federal income tax withheld of $5,807.[2]

---

[2] It is unclear from the record exactly what data petitioner placed on his 1997 Federal income tax return and what data might have been placed on the return by respondent's agents based on information reports that petitioner attached to his return and that reflect all the income items listed on the return. Some of the handwritten numerical entries in the formatted columns on petitioner's Form 1040, U.S. Individual Income Tax Return, are written over. Other numerical entries, in a different hand, appear in the margins. Petitioner testified that "I just put my name down, my address. I stapled the return to it. * * * I never done put any figures down." Respondent does not contend that petitioner failed to file a valid 1997 U.S. individual income tax return. Cf. secs. 6011 and 6012.

On May 25, 1998, respondent assessed petitioner's 1997 income tax liability as $7,219 and credited petitioner with $5,807 of taxes withheld and paid on his behalf. On July 6, 1998, without explanation, respondent abated the entire $7,219 of previously asssessed tax liability and issued petitioner a refund of $5,884, reflecting the $5,807 of withheld taxes plus $77 of accrued interest.

In the notice of deficiency, issued November 23, 1999, respondent determined that petitioner had taxable income which included, among other things, $22,166 of taxable wages shown on petitioner's 1997 tax return.[3] The notice of deficiency did not include in petitioner's taxable income any part of the $11,750 Denso Plan distribution. Respondent determined that petitioner's tax liability on the taxable income so determined was $4,587 and that he also owed $1,175 as a 10-percent additional tax on an early distribution from a qualified retirement plan, as well as a $1,150 accuracy-related penalty.

---

[3] As previously stated, the actual amount of taxable wages shown on petitioner's 1997 tax return was $22,168. The record contains no explanation of the apparent discrepancy. The notice of deficiency also adjusted petitioner's taxable income to reflect various items which the parties have now conceded, as previously indicated. The notice of deficiency did not include in petitioner's taxable income (or make any reference to) the $372 of unemployment compensation shown as taxable income on petitioner's 1997 return. As any error in this regard operates to petitioner's benefit, and as the parties have not alluded to this item, we give it no further consideration.

## Discussion

The first issue is whether petitioner is liable for the section 72(t) 10-percent additional tax on the 1997 Denso Plan distribution.

As a general rule, if a taxpayer receives any amount from a section 401(k) retirement plan, the taxpayer is liable, in the year of receipt, for a 10-percent additional tax on the portion of the amount which is includable in gross income. Secs. 72(t), 401(a), 4974(c). This general rule is subject to a number of exceptions. See sec. 72(t)(2).

In the notice of deficiency, respondent determined that petitioner's taxable income included no amount from the Denso Plan distribution. Respondent has not sought any increased deficiency resulting from the inclusion of the Denso Plan distribution in petitioner's gross income and has not otherwise alluded to this issue at trial or on brief. We deem respondent to have conceded that the Denso Plan distribution is not includable in petitioner's gross income. Accordingly, petitioner is not subject to the 10-percent additional tax on the Denso Plan distribution.

The second issue is whether respondent properly determined a deficiency based upon an erroneous refund to petitioner.

The jurisdiction of this Court is limited as specifically authorized by statute. See Belloff v. Commissioner, 996 F.2d

607, 611 (2d Cir. 1993), affg. T.C. Memo. 1991-350; <u>Pen Coal Corp. v. Commissioner</u>, 107 T.C. 249, 254 (1996).  That authorization encompasses the redetermination of deficiencies. See secs. 6214, 7442; <u>Bregin v. Commissioner</u>, 74 T.C. 1097, 1101 (1980); <u>Midland Mortgage v. Commissioner</u>, 73 T.C. 902, 907 (1980).  The parties do not dispute that respondent issued a valid statutory notice of deficiency and that petitioner made a timely petition therefrom.  Therefore, we have jurisdiction to redetermine the deficiency.  See secs. 6212 and 6213; Rule 13(a), (c); <u>Monge v. Commissioner</u>, 93 T.C. 22, 27 (1989); <u>Normac, Inc. v. Commissioner</u>, 90 T.C. 142, 147 (1988).

It is well settled that the Commissioner may determine a deficiency based upon an erroneous refund.  See <u>Miller v. Commissioner</u>, 23 T.C. 565, 568 (1954), affd. 231 F.2d 8 (5th Cir. 1956); <u>Oilbelt Motor Co. v. Commissioner</u>, 16 B.T.A. 831 (1929). The question here is whether a deficiency exists.

Section 6211(a) defines the term "deficiency" as the amount by which the tax imposed exceeds the excess of:

      (1) the sum of--

          (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

          (B) the amounts previously assessed (or collected without assessment) as a deficiency, over--

      (2) the amount of rebates, as defined in subsection (b)(2), made.

Under this formula, then, the deficiency is determined by comparing the tax imposed to: (1) The tax shown on the return; (2) amounts previously assessed as a deficiency; and (3) any rebates made. We consider each of these elements in turn.

Tax Shown on the Return

When petitioner filed his 1997 tax return, he did not show an amount of tax due. The parties do not dispute that petitioner made a valid election, pursuant to section 6014(a), to have respondent compute his tax liability.[4] Respondent's computation of tax under section 6014 "shall be considered as having been made by the taxpayer and the tax so computed considered as shown by the taxpayer upon his return." Sec. 6211(b)(3); see sec. 301.6211-1(c), Proced. & Admin. Regs.

On or about May 25, 1998, respondent computed petitioner's 1997 tax liability as being $7,219. Accordingly, for purposes of section 6211(a)(1)(A), the tax shown on the return is $7,219.

---

[4] Sec. 6014(a) authorizes the Commissioner to compute the tax liability of a taxpayer who satisfies the criteria, inter alia, of having gross income that is less than $10,000 and that includes no income other than wages, dividends, or interest. Sec. 6014(b) directs the Commissioner to prescribe regulations to extend this authority to cases where the taxpayer has gross income of $10,000 or more. Pursuant to this directive, sec. 1.6014-2, Income Tax Regs., permits a taxpayer to make a sec. 6014(a) election without regard to the amount or nature of the taxpayer's gross income.

Amounts Previously Assessed as a Deficiency

On May 25, 1998, respondent assessed petitioner's tax as $7,219.  This assessment appears to have been made pursuant to section 6201(a)(1), which authorizes summary assessment of taxes shown on the return.  This assessment was not made pursuant to the deficiency procedures described in subchapter B of chapter 63 of the Code.  See sec. 6201(e).  (For discussion of the distinction between summary assessments and deficiency assessments, see Murray v. Commissioner, 24 F.3d 901, 902–903 (7th Cir. 1994); Meyer v. Commissioner, 97 T.C. 555, 559–560 (1991).)  Accordingly, the May 25, 1998, assessment does not constitute an "amount previously assessed * * * as a deficiency" within the meaning of section 6211(a)(1)(B).  Thus, the amounts previously assessed as a deficiency are zero.

Rebates

Pursuant to section 6211(b)(2), the term "rebate" means (with qualifications not germane here) "so much of an abatement, credit, refund, or other repayment as is made on the ground that the income tax imposed" is less than the amount shown on the taxpayer's return.  Sec. 301.6211-1(f), Proced. & Admin. Regs.

On July 6, 1998, respondent abated the entire $7,219 assessment that he had previously made on May 25, 1998.  Although the record is silent as to why respondent made this abatement, the fact that it was for the same amount as had been assessed 2

months earlier leads us to conclude that respondent made a substantive recalculation of petitioner's tax liability and concluded (albeit erroneously) that petitioner's tax liability was zero. Accordingly, the abatement was a rebate under section 6211(a)(2). See Interlake Corp. v. Commissioner, 112 T.C. 103, 110 (1999); cf. Singleton v. United States, 128 F.3d 833 (4th Cir. 1997).[5]

Conclusion

The sum of the amount of tax shown on petitioner's return ($7,219) plus amounts previously assessed as a deficiency (zero) is $7,219. This sum does not exceed the amount of rebates ($7,219). Thus, under section 6211(a), there is a deficiency equal to the amount of the tax imposed, to be determined in the Rule 155 computations.

To reflect the foregoing and concessions,

Decision will be entered

under Rule 155.

---

[5] The July 6, 1998, refund of $5,884 was not a separate rebate but was merely the byproduct of the July 6, 1998, abatement. In any event, even if the July 6, 1998, refund were considered to be a separate rebate, it would not change the result under sec. 6211(a). Recall that under sec. 6211(a), the deficiency represents basically the excess of the tax imposed over an amount representing, in this case, the amount by which the tax shown on the return exceeds the rebate. In this case, whether the rebate is considered to be $7,219 (the amount of the abatement) or $13,303 (the abatement plus the refund), the tax shown on the return will not exceed the rebate. Accordingly, under either scenario, the deficiency would equal the amount of tax imposed.