In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 24-1420

EDWARD FRANCIS BACHNER, IV and
REBECCA GAY BACHNER,

*Petitioners-Appellants*,

*v.*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

---

Appeal from the United States Tax Court.
No. 23219-15 — **Richard T. Morrison**, *Judge.*

---

SUBMITTED AUGUST 28, 2024 — DECIDED JANUARY 7, 2025

AMENDED JANUARY 15, 2025

---

Before SCUDDER, KIRSCH, and KOLAR, *Circuit Judges.*

SCUDDER, *Circuit Judge.* For three years Edward Bachner filed tax returns that fraudulently claimed refunds by inflating both his income and tax withholdings. The IRS detected the fraud and responded by imposing civil penalties. Upon receiving the Service's notice of penalties, Bachner petitioned the United States Tax Court for a redetermination and then

spent years litigating his dispute with the IRS. In time a trial ensued, which Bachner chose not to attend, and ended with the Tax Court sustaining the penalties. Bachner and his wife, Rebecca, who filed joint tax returns, now appeal and challenge the Tax Court's judgment. Finding no errors, we affirm.

## I

## A

The events giving rise to Bachner's tax problems go back twenty years. In joint tax returns filed with his wife Rebecca for tax years 2005 to 2007, Edward reported fictitious wages and tax withholdings, claiming hundreds of thousands of dollars in unwarranted refunds from the U.S. Treasury. Around the same time, Edward also illicitly obtained a dangerous, poisonous substance and fraudulently procured a life insurance policy. This conduct led to federal criminal charges, with Edward then pleading guilty to making a false claim to the IRS (for the 2005 tax year), possessing a biological agent for use as a weapon, and wire fraud. Edward admitted in his plea agreement that he also submitted false refund claims to the IRS for tax years 2006 and 2007. He served about seven years in federal prison.

Upon Edward's release in 2015, the IRS issued a notice of deficiency for the three tax years 2005 through 2007. The Service addressed the notice to both Edward and Rebecca but identified Edward as the only liable party and stated that it had "granted full relief" to Rebecca as an innocent spouse. The notice informed Edward that the IRS sought to recover civil-fraud penalties under § 6663(a) of the Tax Code, specified the amounts of the penalties (totaling $393,807 for the three years), and explained how the Service calculated them.

The notice also identified that, for the three years in question, Edward had reported fake wages and tax withholdings, and, as a result, the Bachners underpaid their federal income taxes by hundreds of thousands of dollars. The Bachners jointly petitioned the Tax Court to challenge the validity of the notice of deficiency and the associated penalties.

B

Only a few aspects of the lengthy proceedings in the Tax Court are relevant to this appeal.

First, the Tax Court rejected the Bachners' challenges to the validity of the IRS's notice of deficiency. They argued that the notice was invalid because it identified only "penalties," not a tax "deficiency" as defined by § 6211 of the Tax Code. They also contended that the limitations period had expired, the IRS had ignored certain procedures in assessing the penalties, and the notice improperly included Rebecca, who had received innocent-spouse status. The Tax Court rejected all of these arguments.

Second, the Bachners insisted that they had not underpaid any income taxes. In their view, they had merely received more than what they deserved in refunds. So they claimed that Edward could not be liable under § 6663(a) for fraud penalties arising from an underpayment of taxes. The Tax Court rejected this argument too.

Third, the IRS persuaded the Tax Court to accept certain proposed stipulations about the false tax returns. See T.C. R. 91(f) (outlining the Tax Court's requirements for pretrial stipulations). The Bachners had asserted that their privilege against self-incrimination allowed them to stay silent about those facts. Once again the Tax Court disagreed, emphasizing

that the chance of another prosecution for the false tax returns was remote. The Bachners then contended, without elaboration, that the IRS's evidence was "invalid." The Tax Court accepted the IRS's exhibits and, finding support in those exhibits, deemed stipulated most of the facts outlined by the Service.

The proceedings ended with a trial, which the Bachners chose not to attend, and a judgment sustaining the fraud penalties in their entirety against Edward.

The Bachners then sought our review. They again contest the validity of the IRS's notice of deficiency, a challenge that implicates the Tax Court's jurisdiction. See *Murray v. Comm'r*, 24 F.3d 901, 903 (7th Cir. 1994). Jurisdiction aside, they also question whether the Tax Court properly imposed the fraud penalties when, they continue to insist, they did not underpay any income taxes.

## II

We begin with a point on our own jurisdiction. Because this appeal comes to us in the names of both Edward and Rebecca, we must assess whether both have standing to appeal the Tax Court's judgment. This inquiry turns on whether they both have alleged an injury that a favorable ruling on appeal can redress. See *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

We have no difficulty concluding that Edward meets these requirements. An injury in fact, the Supreme Court has explained, is a "concrete and particularized" harm. *Id.* at 560. The requisite harm must be "real," not "abstract," and it must affect the plaintiff "in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016). For Edward, the Tax

Court's judgment leaves him on the hook for close to $400,000 in tax penalties. And a favorable ruling from our court could reduce or eliminate that penalty. Edward has standing.

But not so for Rebecca. The IRS granted her innocent-spouse status, which acts as an exception to the Tax Code's general rule that married couples filing joint returns are jointly and severally liable for income tax liabilities. See I.R.C. § 6015 (establishing and defining innocent-spouse relief); see also *Rogers v. Comm'r*, 9 F.4th 576, 579 (7th Cir. 2021) (explaining the innocent-spouse exception). Rebecca is therefore "relieved of liability" for tax, penalties, and interest for the three tax years at issue in this case, see I.R.C. § 6015(b), and the Tax Court's judgment did not harm her in any way. Nor has she alleged that any harm to Edward will affect her personally. See *Spokeo*, 578 U.S. at 339. In these circumstances, and because the Bachners have not provided any other basis for Rebecca having Article III standing, we dismiss her from this appeal.

### III

Returning to Edward, he presses two primary issues on appeal. He suggests that the Tax Court lacked jurisdiction to conduct a deficiency proceeding because the IRS never found a "deficiency" in tax payments. Edward further contends that, jurisdiction aside, the Tax Court could not assess a fraud penalty against him because he did not "underpay" his taxes. As Edward sees it, he merely received a larger refund than what he was owed. He is mistaken on both points.

### A

The Tax Court's jurisdiction hinges on the IRS's issuance of a valid notice of deficiency—a point Edward does not

dispute. See I.R.C. §§ 6212–14; *Murray*, 24 F.3d at 903 (collecting cases). The Tax Code defines a "deficiency" as the amount the IRS determines that the taxpayer owes, less any amount the taxpayer reported on his tax return, calculated "without regard" to any credits for withholdings on wages. I.R.C. § 6211(a), (b)(1); see also *Murray*, 24 F.3d at 903. Generally, a deficiency results from a taxpayer's understatement of tax liability on a federal tax return. See *Murray*, 24 F.3d at 903. But here Edward *overstated* his tax liabilities by reporting fictitious, inflated wages, so his notice identified no tax deficiency. Rather, the notice listed only "penalties" arising from Edward's fraudulent overstatement of his tax withholdings, which, in turn, gave rise to his fraudulent refund requests of the IRS. By Edward's measure, the absence of a finding of a deficiency deprived the Tax Court of jurisdiction.

We disagree. The "penalties" listed in Edward's notice gave the Tax Court jurisdiction to review the IRS's determinations, just as a "deficiency" would have. In § 6665(a), Congress made clear that penalties in Chapter 68 of the Tax Code (of which the § 6663 fraud penalty is a part) shall be treated "in the same manner as taxes." The IRS assesses and collects a tax deficiency by issuing a notice of deficiency, see I.R.C. §§ 6212–13, so by issuing a notice of deficiency that stated Edward's fraud penalties, the IRS properly treated those penalties "in the same manner" as it would a tax deficiency, see *id.* § 6665(a).

In the final analysis, then, a deficiency that satisfies § 6211 is not a jurisdictional necessity. The notice advising Edward of the penalties owed, and the Bachners' timely petition contesting it, combined to provide the Tax Court with jurisdiction over the administrative deficiency proceeding. See I.R.C.

§ 6213(a) (providing the Tax Court with jurisdiction upon the receipt of a timely petition for redetermination); T.C. R. 13(a) (making clear that the Tax Court lacks jurisdiction without a notice of deficiency).

B

On a different front, Edward contends that he did not "underpay" his taxes and therefore that § 6663(a), the provision of the Tax Code pursuant to which the IRS imposed penalties against him, does not apply. Here, too, we have a different view.

By its terms, § 6663(a) instructs that, if a taxpayer underpays taxes, and "any part" of that underpayment is due to fraud, the taxpayer owes a penalty. Put most simply, the provision requires the IRS to show that the taxpayer's fraud led to an underpayment of taxes—by, for example, overstating tax withholdings to trigger fraudulent refunds.

A neighboring provision supplies important direction. Section 6664(a) explains that, for the purposes of a fraud penalty, an underpayment occurs when the amount that the IRS determines a taxpayer owes is greater than what the taxpayer reports as owed. Edward assumes that this provision equates "underpayments" with "deficiencies" and, by extension, excludes taxpayers like him who fraudulently overstate the amount they owe to inflate their refunds. But the Treasury Regulations refute his assumption. The applicable regulation (whose validity Edward does not challenge) explains that to calculate an underpayment, the amount of tax reported is reduced by the excess of the amount of withholdings reported above the amount actually withheld. 26 C.F.R. § 1.6664-2(c)(1). In more simplified terms, this means that when a

taxpayer overstates his withholdings, the amount of tax reported decreases, and the underpayment increases for the purpose of calculating the fraud penalty. See *id.* § 1.6664-2(g) (Example 3).

That is what happened here. Over three tax years, Edward overstated—by hundreds of thousands of dollars—the amount of tax withheld on his fictitious wages. And the IRS, in calculating his underpayment, reduced the amount of tax reported by the amount of the overstated withholdings. Take 2005, for example. The Service determined that Edward actually owed $10,396 in federal income taxes. Edward, meanwhile, reported that he owed $122,798, and he overstated his withholding credits by $222,905. Reducing the tax that Edward reported ($122,798) by the excess withholding credits that he fraudulently claimed ($222,905) yields a negative $100,107. Adding that figure to the tax he actually owed ($10,396) yields an underpayment of $110,503 under 26 C.F.R. § 1.6664-2. So, although the tax that Edward reported was greater than what the IRS determined he owed (meaning there was no "deficiency"), his overstated withholdings caused an underpayment of $110,503 for 2005. It was that underpayment that provided the baseline for the IRS's computation of the 2005 tax fraud penalty. The other two years yielded comparable underpayments and, by extension, fraud penalties under § 6663(a).

Based on these underpayments (whose computations Edward has never challenged) for the three tax years in question, the Tax Court committed no error in sustaining the penalties under § 6663(a).

**IV**

Edward's remaining arguments need not detain us.

Foremost, Edward's additional attacks on the validity of the notice of deficiency fall short. He observes that the IRS included Rebecca's name in the address line of the notice and contends that her inclusion, despite her innocent-spouse status, renders the notice invalid. Not so in our view. Indeed, the notice contained all necessary information: the name of the taxpayer against whom and statutes under which the IRS sought penalties, along with the basis for and computation of those penalties. See I.R.C. §§ 6751(a), 7522(a); see also *Portillo v. Comm'r*, 932 F.2d 1128, 1132 (5th Cir. 1991).

Edward also suggests that the notice was time-barred, but this case involves a "false or fraudulent return with the intent to evade tax," so the assessment could be made "at any time." I.R.C. § 6501(c)(1).

Finally, Edward contends that the IRS did not conduct an audit in compliance with its own regulations before issuing the notice. Not only does this view lack support in the record, but any such deviation from protocol would be relevant only if it produced "an assessment without any factual foundation." *Zuhone v. Comm'r*, 883 F.2d 1317, 1326–27 (7th Cir. 1989). Edward has made no attempt at such a showing.

Edward fares no better in his challenges to various procedural aspects of the Tax Court's proceedings. For starters, he has no basis to argue that the court exhibited any bias against him—adverse rulings alone are not evidence of bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Nor did the Tax Court commit any clear error in overruling his assertion of the privilege against self-incrimination and accepting the IRS's

proposed facts. Edward does not—indeed, could not—articulate any "real and appreciable" risk of another criminal prosecution from responding. See *Hiibel v. Sixth Jud. Dist. Ct.*, 542 U.S. 177, 190 (2004). Recall that Edward was already prosecuted for misconduct related to the 2005 tax return, and the government chose *not* to prosecute him for misconduct related to the 2006 and 2007 tax years that he stipulated to in his plea deal. Further still, all facts that the Tax Court deemed stipulated found ample support in the IRS's exhibits, judicially noticed facts about Edward's criminal case, and testimony from an IRS agent. And in the Tax Court (and again here) Edward made no real effort to dispute this evidence.

For these reasons, we AFFIRM the Tax Court's decision to sustain penalties against Edward Bachner and DISMISS Rebecca Bachner from this appeal.