919 F.2d 738
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard A. LUTZ, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-5226.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1990.
 
 Before KENNEDY and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This case concerns the jurisdiction of the federal courts over Lutz' suit against the United States to challenge the collection of unpaid income taxes. Leonard A. Lutz is a pro se taxpayer who appeals the District Court's dismissal of his civil tax suit for lack of subject matter jurisdiction. For the reasons stated below, we AFFIRM.
 
 
 2
 The Internal Revenue Service ("IRS") determined that Lutz did not file federal income tax returns for the taxable years 1979 through 1984 and, pursuant to 26 U.S.C. Sec. 6212, issued notices of income tax deficiency for those years. Deficiencies totaling almost $27,000 were assessed against Lutz as follows: (1) on September 15, 1986, a deficiency of $7,516 for 1982; (2) on November 13, 1986, deficiencies of $4,217, $5,632, and $3,356 for 1979, 1980, and 1981 respectively; and (3) on June 29, 1987, a deficiency of $2,195 for 1983 and $4,072 for 1984. Although disputed by Lutz, the IRS contends that first notices and demands to remit payment were issued to Lutz on these same dates and final notices and demands, including notices of an intention to levy against Lutz' property, were mailed to Lutz via certified mail on October 6, 1986, January 19, 1987, and July 20, 1987. After receiving no response from Lutz, the IRS served a notice of levy upon Lutz' employer and filed a notice of federal tax lien against a parcel of real property owned by Lutz in Colleton County, South Carolina. The Government has collected $75 of Lutz' $200 weekly salary since September 23, 1988, in partial satisfaction of the assessed tax liability.
 
 
 3
 On July 26, 1989, Lutz filed this action in the United States District Court for the Eastern District of Kentucky seeking quiet title to his real property. In addition, Lutz sought injunctive relief to prevent the United States, through the IRS, from continuing to levy on his wages. He did not contest the underlying tax liability. Rather, he challenged the procedural regularity of the assessments and the issuance of notices and demands.
 
 
 4
 On August 21, 1989, the United States filed a motion to dismiss under Fed.R.Civ.P. 12(b)(1), arguing that Lutz' suit was barred by the doctrine of sovereign immunity and prohibited by the Declaratory Judgment Act, 28 U.S.C. Sec. 2201(a), and the Anti-Injunction Act, 26 U.S.C. Sec. 7421. The United States moved in the alternative for summary judgment.
 
 
 5
 On December 15, 1989, the District Court entered an order dismissing the case, with prejudice, for lack of subject-matter jurisdiction, "for the reasons stated" in the United States' motion to dismiss. Lutz filed this timely appeal. The issue presented on appeal is whether the District Court correctly dismissed Lutz' action for lack of jurisdiction over the subject matter. We review de novo the District Court's dismissal for lack of subject matter jurisdiction.
 
 
 6
 It is well settled that the United States, as sovereign, is immune from suit unless it expressly waived such immunity. Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 115 (6th Cir.1988) (citations omitted). Further, a waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. United States v. King, 395 U.S. 1, 4 (1969); Soriano v. United States, 352 U.S. 270, 276 (1957).
 
 
 7
 The Declaratory Judgment Act, 28 U.S.C. Sec. 2201, expressly exempts disputes "with respect to federal taxes." Flora v. United States, 362 U.S. 145 (1960). This exemption acts to deprive district courts of jurisdiction in cases where section 2201 otherwise would apply, the only exception being those case in which suit is brought by a party other than the taxpayer whose taxes lie at the heart of the controversy. See, e.g., Bullock v. Latham, 306 F.2d 45, 46 (2d Cir.1962).
 
 
 8
 Also relevant to this case is the Anti-Injunction Act, 26 U.S.C. Sec. 7421. In pertinent part, the Act states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." 26 U.S.C. Sec. 7421(a). Although there are several statutory exceptions and one judicial exception to the Act,[1] the district court must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Act. Alexander v. "Americans United," Inc., 416 U.S. 752, 757-58 (1974).
 
 
 9
 Lutz contends that the following statutory provisions provided the District Court with jurisdiction and/or waived the United States' sovereign immunity in this case: 5 U.S.C. Sec. 702; 26 U.S.C. Sec. 7426(a); 26 U.S.C. Sec. 7431; 28 U.S.C. Sec. 2410; and 28 U.S.C. Sec. 2463.
 
 5 U.S.C. Sec. 702
 
 10
 Lutz urges that Section 702 of the Administrative Procedure Act should be read as a clear waiver of sovereign immunity and a basis for jurisdiction. That section provides, in pertinent part:
 
 
 11
 A person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action ... is entitled to judicial review thereof.... Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.
 
 
 12
 First, the Administrative Procedure Act is not itself a grant of jurisdiction for the review of agency actions. Califano v. Sanders, 430 U.S. 99, 105 (1977). Second, section 702 clearly disclaims any effect on existing limitations on the court's power to grant relief. Here it is clear that the Declaratory Judgment Act, 28 U.S.C. Sec. 2201(a), and the Anti-Injunction Act, 26 U.S.C. Sec. 7421--part of the detailed and specific statutory framework for federal income tax cases--are such existing limitations that Congress did not intend to negate. Therefore, this section does not afford jurisdiction here.
 
 26 U.S.C. Sec. 7426(a)
 
 13
 Lutz contends that jurisdiction is provided and sovereign immunity is waived here pursuant to the Internal Revenue Code, Section 7426(a)(1). That section, captioned "Civil actions by persons other than taxpayers," provides in part:
 
 
 14
 If a levy has been made on property ... any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property ... may bring a civil action against the United States in a district court of the United States. (Emphasis added).
 
 
 15
 This exception is clearly applicable only for persons other than the taxpayer whose property is being levied against. See, e.g., Shannon v. United States, 521 F.2d 56, 59 (9th Cir.1975), cert. denied, 424 U.S. 965 (1976). Therefore, this section is of no avail to Lutz.
 
 26 U.S.C. Sec. 7431
 
 16
 Lutz alleges that the IRS "made unauthorized and illegal disclosures" of his tax return information to his employer in levying on his wages and to the Register of Deeds, Mason County, Kentucky, in establishing a lien on his real property. Therefore, he argues, Internal Revenue Code section 7431 provides the basis for the waiver of sovereign immunity and jurisdiction for his claims. That section provides, in relevant part:
 
 
 17
 If any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.
 
 
 18
 First, this section only authorizes actions for damages and is of no assistance to Lutz in his claims to enjoin the continuing levy on his wages and to "quiet title" to his real property. Second, Lutz' allegations of "unauthorized and illegal disclosures" of his return information to his employer and the Register of Deeds do not constitute an actionable claim. Internal Revenue Code section 6103(k)(6) and the Treasury Regulations promulgated in furtherance of that section allow for the disclosures made here.[2] Lutz' claim in this regard is meritless.
 
 28 U.S.C. Sec. 2463
 
 19
 Lutz next argues that the District Court had jurisdiction over the subject matter of his action by virtue of 28 U.S.C. Sec. 2463. That section provides:
 
 
 20
 All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof.
 
 
 21
 Lutz' argument apparently is that this section puts property seized by the IRS in the custody of the federal courts, giving those courts jurisdiction over claims against the United States by the taxpayer whose property has been seized. We are unpersuaded.
 
 
 22
 The Supreme Court, in analyzing the legislative history of 28 U.S.C. Sec. 2463, observed that this statute was adopted to counteract a state ordinance authorizing state courts to issue writs of replevin to take property out of the hands of federal officials. New Hampshire Fire Ins. Co. v. Scanlon, 362 U.S. 404, 408-09 (1960). The Court found that the purpose of this section is "to protect that property in the revenue officer's custody and not to transfer that custody either actually or fictionally into the custody of the federal courts." Id. at 408. Thus, it appears without question that section 2463 was not intended to confer jurisdiction on the federal district courts over property levied upon and seized under the Internal Revenue laws. See Morris v. United States, 303 F.2d 533 (1st Cir.), cert. denied, 371 U.S. 827 (1962). Moreover, this statute does not constitute an explicit waiver of sovereign immunity. See Nehf v. United States, 302 F.Supp. 356, 359 (N.D.Ill.1969).
 
 28 U.S.C. Sec. 2410
 
 23
 Finally, Lutz argues that even if none of his other jurisdictional bases are persuasive, 28 U.S.C. Sec. 2410 creates a waiver of immunity that, along with 28 U.S.C. Sec. 1340, establishes the District Court's jurisdiction. 28 U.S.C. Sec. 2410 provides, in pertinent part that "the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien."
 
 
 24
 Although this Court has stated that 28 U.S.C. Sec. 2410 can create a limited waiver of immunity, it has further stated that this section allows suits "only to contest the procedural regularity of a lien." Pollack v. United States, 819 F.2d 144, 145 (6th Cir.1987) (per curiam). Here Lutz has carefully crafted his complaint in an attempt to fit within the "procedural regularity" requirement of Pollack, challenging the government's levy and lien on two procedural grounds. This Court need not decide whether Lutz' alleged procedural defects are the type which would qualify for the limited immunity waiver alluded to in Pollack because the record shows Lutz' claims in this regard to be without merit, and thus, the District Court's dismissal of this action was proper in any event.
 
 
 25
 Lutz first claims that the United States failed to record an assessment against him as required by 26 U.S.C. Sec. 6203 and 26 C.F.R. Sec. 301.6203-1. Second, Lutz argues that the IRS failed to send him requisite notices of the assessments against him and demands for payment before proceeding with the seizure of his assets as required by 26 U.S.C. Secs. 6303(a) and 6331(d). However, the government has produced evidence showing that assessments were recorded against Lutz for the tax years 1979 through 1984 and that it mailed notices of the deficiencies for the tax years involved to Lutz in compliance with the Internal Revenue Code.[3] Lutz has not rebutted this evidence and makes no attempt to point to any rebuttal in his brief before this Court.
 
 
 26
 The only way Lutz can now ask the District Court to determine if the government correctly determined the amount of taxes he owes is to pay the amount requested, file a claim with the government for a refund, and sue it for failure to decide his claim for a refund in his favor. See 26 U.S.C. Sec. 7422.
 
 
 27
 Accordingly, the District Court's dismissal of Lutz' claim is AFFIRMED.
 
 
 
 [1]
 The Act includes exceptions "as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1), and 7429(b)." 26 U.S.C. Sec. 7421(a). The judicial exception is explained in Bob Jones Univ. v. Simon, 416 U.S. 725, 736-37 (1974). Lutz relies only on 26 U.S.C. Sec. 7426(a)(1) in this appeal
 
 
 [2]
 The disclosures consisted of the notice of levy served on Lutz' employer and the notice of lien served with the Clerk of the Court. The information was Lutz' name, the tax period, the type of tax, and the amount of the tax liability. The disclosures were necessary to properly effect a levy and lien and were authorized by 26 U.S.C. Sec. 6103(k)(6) and Treasury Regulation 301.6103(k)(6) which provides in part: "In connection with the performance of official duties relating to any ... collection activity ... an officer or employee of the Service ... is authorized to disclose return information ... in order to obtain information relating to the following--(6)(3) to apply the provisions of the Code relating to establishment of liens against such assets, or levy on ... the assets to satisfy any such liability."
 
 
 [3]
 The record contains "Certificates of Assessments and Payments," Joint App. at 17-26, which are generated under seal and signed by an IRS officer and are official records of the United States. These certificates indicate the dates on which the taxes at issue were assessed against Lutz along with the dates on which first notices and demands were mailed to him. In addition, the record contains the sworn declaration of Internal Revenue Officer Barbara Fritz and the transcripts of Lutz' account. Joint App. at 84-100. These documents indicate that both first and final notices of assessment and demand for payment, including notices of intention to levy on Lutz' property, were mailed to Lutz