**Cevin PALMER and Rosa Palmer, Plaintiffs–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant– Appellee.**

No. 02–3806.

United States Court of Appeals, Seventh Circuit.

Submitted March 27, 2003.*

Decided March 27, 2003.

---

* After examining the briefs and record, we conclude that oral argument is unnecessary.

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

### ORDER

Cevin and Rosa Palmer reported in their joint income tax returns for 1994 and 1995 that they had unpaid tax liabilities. The IRS summarily assessed the liabilities, but its attempts to collect the amounts due were unsuccessful. The Palmers then filed amended returns for both years, claiming that they had inaccurately reported their liabilities and that they in fact owed nothing. They argued that the remuneration they received from their employers did not constitute "gross income" because it did not come from a "taxable source" listed in 26 C.F.R. § 1.861–8.

The IRS notified the Palmers that it considered their amended 1995 tax return

Thus, the appeal is submitted on those documents. *See* Fed. R.App. P. 34(a)(2).

frivolous [1] and that it would assess a $500 penalty against them if they did not correct it within thirty days. *See* 26 U.S.C. § 6702. When the Palmers failed to correct the return, the IRS assessed the penalty. Instead of paying it, however, the Palmers requested that the penalty be abated because they were denied their due process rights and because the underlying return was not frivolous. The IRS did not abate the penalty but instead notified the Palmers that it intended to levy against their property to satisfy the liabilities. After two hearings, one informal and the other pursuant to 26 U.S.C. § 6330, the IRS issued a notice of determination approving the levy to satisfy the Palmers' tax liabilities for 1994 and 1995, but not for the $500 penalty.

The Palmers then filed suit in the district court, purportedly pursuant to 26 U.S.C. §§ 6330(d)(1)(B) and 7422(a), in which they sought refunds for the 1994 and 1995 tax years, an abatement of the $500 penalty, compliance by the IRS with the administrative procedural requirements, and a "redetermination" of their due process hearing. Although not specifically listed in their request for relief, it appears that the Palmers also sought a reversal of the levy against their property. The district court dismissed the case, holding that it lacked subject-matter jurisdiction because the Palmers did not comply with the conditions required to waive the sovereign immunity of the United States. Specifically, the court held that it lacked jurisdiction to reverse the levy because a federal district court may hear such a claim only when the Tax Court does not have jurisdiction over the underlying tax liability. As for the remaining claims, the district court held that it lacked jurisdiction because the Palmers failed to pay the full amount of the assessed taxes.

On appeal the Palmers argue that the district court erred in dismissing their case for lack of subject-matter jurisdiction. Our review of such a dismissal is de novo. *LaBonte v. United States*, 233 F.3d 1049, 1052 (7th Cir.2000). Because the IRS is a United States agency, jurisdiction depends on whether it waived sovereign immunity and whether the Palmers complied with the conditions required by the waiver. *Id.* at 1051; *Kuznitsky v. United States*, 17 F.3d 1029, 1031 (7th Cir.1994).

■ The United States has waived its sovereign immunity regarding suits for the refund of internal revenue taxes or penalties "erroneously or illegally assessed or collected," 28 U.S.C. § 1346(a)(1), but to sue in a federal district court the taxpayer must first pay the full amount of the tax liability, *Flora v. United States*, 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960); *Employers Ins. of Wausau v. Browner*, 52 F.3d 656, 664 (7th Cir.1995). If the taxpayer chooses not to pay, he must sue in Tax Court after receiving a notice of deficiency. 26 U.S.C. § 6213(a); *Flora*, 362 U.S. at 163 (recognizing that "there is one tribunal for prepayment litigation and another for post-payment litigation"). The Palmers, however, could not sue in Tax Court because their liabilities were not deficiencies, *i.e.*, the IRS did not assess that they owed more than what they originally self-reported; they simply did not pay their reported amount, which is not deemed a deficiency. *See* 26 U.S.C. §§ 6211(a) & 6213(a); *Murray v. Commissioner*, 24 F.3d 901, 903 (7th Cir.1994). Thus, the Palmers could sue only in a district court, but they had to prepay their tax liabilities. *See Flora*, 362 U.S. at 177. Because they did not do so, the district court was without subject-matter jurisdic-

---

1. The notice did not mention the Palmers' amended 1994 return.

tion to hear claims based on those liabilities.[2]

■ The district court also lacked subject-matter jurisdiction over the Palmers' challenges to the levy against their property and the administrative procedures leading up to the levy. An appeal from an IRS decision to levy against property must be taken to the Tax Court unless that court "does not have jurisdiction of the underlying tax liability." 26 U.S.C. § 6330(d)(1). Only then may a taxpayer appeal to the district court. *Id.* In the present case it may appear that jurisdiction was proper in the district court because, as there was no deficiency, the Tax Court lacked jurisdiction over the Palmers' underlying liabilities. That is not the case. As long as the Tax Court has jurisdiction over the "type of tax" involved in the underlying tax liability, such as income or estate tax, then the Tax Court has jurisdiction to review levy determinations relating to such taxes. 26 C.F.R. § 301.6330–1(f)(2), Q & A F3; *accord Downing v. Commissioner,* 118 T.C. 22, 27–28, 2002 WL 15574 (2002). Thus, because the Palmers' underlying tax liabilities were income taxes, the Tax Court had jurisdiction over their claims based on the levy, and, according to § 6330(d)(1), the district court did not.[3] *See Downing,* 118 T.C. at 27–28.

■ In response to the jurisdictional arguments, the Palmers contend that the IRS waived any jurisdictional defect because, through correspondence, it instructed them that they could file suit in the district court. Their argument is better understood as one of estoppel, not waiver. In any event, the argument has no merit, even assuming that the IRS made such a representation, because a party cannot be estopped from contesting subject-matter jurisdiction. *Estate of Kunze v. Commissioner,* 233 F.3d 948, 952 (7th Cir.2000) (concluding that plaintiff could not "manufacture subject matter jurisdiction based solely on a government agent's misinterpretation of tax statutes"). The Palmers also argue that the district court could have exercised supplemental jurisdiction over their claims pursuant to 28 U.S.C. § 1367(a). But that argument lacks merit because § 1367(a) cannot be used to waive sovereign immunity unless specifically allowed by Congress. *Wilkerson v. United States,* 67 F.3d 112, 119 n. 13 (5th Cir. 1995).

■ Finally, to the extent that any of the Palmers' claims can be interpreted to request either an injunction or a declaratory judgment, the district court lacked jurisdiction to provide such relief. *See* 26 U.S.C. § 7421(a) (no court may grant an injunction, with inapplicable exceptions, regarding the collection of any tax); 28 U.S.C. § 2201 (barring declaratory relief in controversies "with respect to Federal taxes").

Accordingly, we AFFIRM the district court's dismissal for lack of subject-matter jurisdiction. We also ORDER the Palmers to show cause why they should not be

---

**2.** The district court erroneously concluded that it would have had jurisdiction to refund the Palmers' frivolous-return penalty if they had followed the partial payment procedure outlined in 26 U.S.C. § 6703(c)(1) & (2). Those subsections, however, were amended in 1989 to exclude payments for frivolous-return penalties. In any event, the Palmers did not pay any amount of the penalty.

**3.** Although the Tax Court does not have jurisdiction to review a levy in satisfaction of a penalty for filing a frivolous return, *Van Es v. Commissioner,* 115 T.C. 324, 328–29, 2000 WL 1520321 (2000), the IRS here approved the levy to satisfy the 1994 and 1995 liabilities only, not the penalty. Thus, we need not determine whether the district court would have had jurisdiction to review a levy to satisfy the penalty.

sanctioned for filing a frivolous appeal. *See* Fed. R.App. P. 38. They have 21 days to file a response.