Kevin HART, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 1:02 CV 147.

United States District Court, N.D. Ohio. Eastern Division.

Sept. 5, 2003.

Kevin D. Hart, N. Olmsted, OH, Pro se.

Elizabeth Lan, United States Department of Justice, Washington, OH, for Defendant.

### Memorandum of Opinion and Order

GAUGHAN, District Judge.

### Introduction

This matter is before the Court upon the following motions: (1) Plaintiff's Motion of Writs of Habeas Corpus, Prohibition, Sui Juris, and Mandamus of Judicial Review of Law and Facts and Plaintiff's Protection of all Constitutional and Legal Rights Guaranteed under All Laws in the United States of America (Doc. 21); (2) Plaintiff's Motion for FRCP 11(c) Sanctions and Motion to Strike Pursuant to FRCP 12(f) against the United States of America (Doc. 23); and (3) defendant United States' Motion to Affirm and Dismiss (Doc. 20). This case arises out of the assessment of frivolous return penalties against plaintiff Kevin Hart by the Internal Revenue Service ("IRS") pursuant to 26 U.S.C. § 6702.

The issues presently before the Court are (1) whether plaintiff is entitled to full discovery and trial regarding the issues presented in his Amended Complaint; (2) whether defendant should be sanctioned and its Motion to Dismiss stricken because defendant inadvertently omitted one page from its fourteen-page Motion to Dismiss when it served the same upon plaintiff; (3) whether the determination of the IRS Appeals Office upholding the assessment of frivolous return penalties against plaintiff should be affirmed; and (4) whether the Court lacks subject matter jurisdiction over plaintiff's claims for injunctive and declaratory relief.

For the following reasons, the Court (1) DENIES plaintiff's Motion of Writs of Habeas Corpus; (2) DENIES plaintiff's Motion for Sanctions and Motion to Strike; and (3) GRANTS defendant's Motion to Affirm and Dismiss.

### Facts

Plaintiff Kevin Hart, proceeding *pro se*, filed a Complaint in this Court on January 24, 2002, seeking declaratory and injunctive relief and costs relating to an allegedly invalid Notice of Determination issued by the IRS assessing frivolous tax return penalties against plaintiff. Plaintiff thereafter filed an Amended Complaint on May 7, 2003, in which he added additional factual allegations relevant to his claim that said Notice of Determination is invalid.

The following facts appear from the "Supplemental Appendix to the United States' Motion to Dismiss" (hereinafter "S.A.").[1] Plaintiff submitted tax returns for the years 1995 and 1996 in which he reported zero income. S.A. Exh. 2. The IRS then sent plaintiff two letters dated May 22, 1996 and July 16, 1997, informing him that his 1995 and 1996 returns were frivolous and offering him the opportunity to submit corrected returns within thirty days. S.A. Exh. 3. After plaintiff failed to correct these returns, the IRS assessed plaintiff a $500 frivolous return penalty on each return. S.A. Exh. 4. Plaintiff did not pay these penalties.

Thereafter, on April 7, 2001, the IRS sent plaintiff a "Final Notice of Intent to Levy and Notice of your Right to a Hearing." S.A. Exh. 5. This Notice advised plaintiff of the IRS' intent to levy plaintiff's property to collect the amount owed, and informed plaintiff of his right to request a hearing and appeals consideration within thirty days of the date of the Notice. S.A. Exh. 5.

Shortly thereafter, on April 23, 2001, plaintiff submitted IRS Form 12153 entitled "Request for a Collection Due Process Hearing." Plaintiff attached a letter thereto, in which he requested "all copies of the file that you're going to use at the hearing pursuant to the Freedom of Information Act and The Privacy Act." S.A. Exh. 6. On September 5, 2001, plaintiff submitted an "updated and corrected copy" of IRS Form 12153. S.A. Exh. 14. In a letter attached thereto, plaintiff requested that the IRS produce various documents relating to the legal authority of the IRS to impose the underlying income tax and frivolous penalties at issue. S.A. Exh. 14.[2]

In a letter dated November 5, 2001, the IRS responded to plaintiff's letter attachment to his September 5, 2001 Form 12153 as follows:

> At the Collection Due Process hearing, we are required to (1) verify that the

---

1. As discussed *infra*, defendant has failed to provide this Court with the complete administrative record in this case. Instead, defendant provides a "Supplemental Appendix" to its Motion to Dismiss which contains "relevant and unprivileged" documents from the IRS Appeals Office and Plaintiff's Complaint. The consequences of defendant's failure to submit a complete administrative record are discussed at greater length in Section III.A of this Opinion.

2. In addition, on August 31, 2001 and September 5, 2001, plaintiff again submitted zero income tax returns for the tax years 1995 and

1996. S.A.. Exh. 15. The IRS sent a letter to plaintiff advising him that his 1996 return was frivolous and offering him the opportunity to submit a corrected return within thirty days. S.A. Exh. 19. Defendant alleges in its Motion to Dismiss that it also sent a similar letter to plaintiff regarding his 1995 return, however, this document is not contained in the Supplemental Appendix. When plaintiff failed to submit corrected returns, he was assessed additional frivolous return penalties in the amount of $500 for each of the tax years 1995 and 1996. S.A. 1.

IRS office collecting the tax has met the requirements of various applicable law and administrative procedures; (2) hear any relevant issue relating to the unpaid tax; and (3) consider whether the proposed collection action balances the need for the efficient collection of the taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.

\*   \*   \*   \*   \*   \*

Secondly, it is the Service's position that in cases where a taxpayer's request for a collection due process hearing only states moral, religious, political, constitutional, conscientious or similar grounds to support his/her position, Appeals **will not** consider those grounds in the Due Process/Equivalent hearing pursuant to IRC Section 6320/6330. In fact, Appeals will not consider those grounds in any case in our jurisdiction. See Regulations § 601.106(b), Statement of Procedural Rules.

The attachment to your request raises issues pertaining to the legal authority of the Internal Revenue Service. Such matters have previously been addressed by the courts and **WILL NOT BE ADDRESSED AT YOUR HEARING**.

S.A. Exh. 17 (emphasis in original). The IRS then explained that it "will consider any other issue relating to the propriety of the proposed enforcement action or any other qualifying issue," including proposals regarding collection alternatives. S.A. Exh. 17.

The CDP hearing was held on December 12, 2001. In attendance were IRS Settlement Officers Spencer Dolin and Douglas Kane, as well as plaintiff and a Mr. Joe Tornichio, whom plaintiff identified as his "representative." S.A. Exh. 20 at 3–4, 7. At that hearing, plaintiff insisted that he had properly designated Mr. Tornichio as his power of attorney and demanded that Mr. Tornichio be recognized as plaintiff's representative during the hearing. S.A. Exh. 20 at 7. Plaintiff further insisted that the Settlement Officers identify the specific statutes and/or code sections that allowed them to reject Mr. Tornichio as his representative. S.A. Exh. 20 at 11, 18.

Settlement Officer Dolin reiterated repeatedly that the IRS was not going to discuss the issue of representation at the CDP hearing and that the purpose of said hearing was to determine whether and how plaintiff was going to pay the assessed penalties. S.A. Exh. 20 at 11, 12, 14, 15. Plaintiff then unilaterally terminated the hearing, stating that "[t]his hearing is over with if you guys aren't going to talk about [the issue of representation]. We're going to move out." S.A. Exh. 20 at 21.

Thereafter, on December 31, 2001, the IRS sent plaintiff a "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330." S.A. Exh. 23. The Notice of Determination states, in pertinent part:

It has been determined that no relief is to be granted and that the proposed levy action is sustained. The Internal Revenue Service has complied with code and procedural requirements in collecting the tax.

S.A. Exh. 23. The Notice further states that plaintiff may appeal the IRS determination by filing a complaint in District Court within thirty days. S.A. Exh. 23.

On January 24, 2002, plaintiff filed his Complaint in this Court. On March 5, 2002, this Court *sua sponte* dismissed plaintiff's Complaint without prejudice for lack of subject matter jurisdiction on the grounds that the Tax Court had jurisdiction over this matter. Defendant filed a Motion for Reconsideration, which was subsequently granted by this Court on March 13, 2003.

Shortly thereafter, on May 7, 2003, plaintiff filed his Amended Complaint.

Therein, plaintiff alleges generally that the December 12, 2001 CDP hearing is null and void (and therefore, the Notice of Determination is invalid) because (1) the IRS Settlement Officers lacked the requisite authority to conduct the hearing; and (2) the manner in which the hearing was conducted was unreasonable and contrary to law. Plaintiff requests declaratory relief, injunctive relief and reimbursement of all his costs incurred in bringing this action.

On May 29, 2003, defendant filed a Motion to Affirm and Dismiss. On that same date, plaintiff filed his "Motion of Writs of Habeas Corpus, Prohibition, Sui Juris, and Mandamus of Judicial Review of Law and Facts and Plaintiff's Protection of all Constitutional and Legal Rights Guaranteed under All Laws in the United States of America" (hereinafter "Motion for Writs"). On June 20, 2003, plaintiff filed his Motion for FRCP 11(c) Sanctions and Motion to Strike Pursuant to FRCP 12(f). Each of these three Motions are currently before this Court and will be discussed separately.

## I. Plaintiff's Motion of Writs of Habeas Corpus, Prohibition, Sui Juris, and Mandamus of Judicial Review of Law and Facts and Plaintiff's Protection of all Constitutional and Legal Rights Guaranteed under All Laws in the United States of America ("Motion of Writs")

In his Motion of Writs, plaintiff seeks relief from an Order entered by this Court on May 16, 2003 which provides that "[t]he case will be decided on briefs in that this is an action for review of an administrative record." *See* May 16, 2003 Order (Doc. 19). Plaintiff strenuously objects to this Order, arguing that it violates his due process rights by depriving him of the opportunity to conduct discovery and to present and cross-examine witnesses at a "full blown" jury trial. Thus, plaintiff requests that this Court "vacate its Order of May 16, 2003, and, find good cause exists to issue a new Order," entitling plaintiff to present his case and put forth all evidence before a jury.[3]

Under the Internal Revenue Service Restructuring and Reform Act of 1998, 112 Stat. 685, 746, Congress enacted Internal Revenue Code § 6330 (pertaining to levies) to provide certain due process protections in connection with tax collection matters. Under § 6330(a), the IRS is required to give notice to the taxpayer before imposing a levy of his/her right to request a collection due process hearing with the IRS Appeals Office within thirty (30) days of the notice. 26 U.S.C. § 6330(a)(3)(B).

Following the hearing, the IRS sends a Notice of Determination to the taxpayer that summarizes the matters raised during the hearing and responds to any offers or objections made by the complainant. Section 6330(d) provides for judicial review of a Notice of Determination as follows:

(a) Proceeding After Hearing—

(1) **Judicial review of determination.**—The person may, within 30

---

**3.** In his Motion, plaintiff states that he "is in agreement with all of the statements of facts concerning the issues raised by Irwin Schiff and... incorporates Mr. Schiff's books as his own attack and pleadings, and asks this Court ... to consider this Motion as an Addendum to the pleadings and Motions made by him already on this record." *See* Motion for Writs at 2–3. Plaintiff has not identified which books he is referring to and this Court has not independently tried to determine the titles of said books. Moreover, the Court notes that it is not generally appropriate to incorporate entire books into a pleading and ask the Court to consider such books as legal argument. Accordingly, the Court finds that it need not attempt to locate Mr. Schiff's books or review them in connection with plaintiff's Motion.

days of a determination under this section, appeal such determination—

(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

26 U.S.C. § 6330(d). The implementing regulations to the above Section note that a reviewing court may only address matters on appeal of a Notice of Determination that were raised by the taxpayer at the collection due process hearing. 26 C.F.R. § 301.6330–1(f)(2) Q–F5/A–F5 (stating that "the taxpayer can only ask the court to consider an issue that was raised in the taxpayer's CDP hearing").

■ Courts interpreting these provisions have determined that actions brought pursuant to § 6330(d) are actions for administrative review and, thus, the reviewing district court is limited to the administrative record and the parties are not entitled to discovery or jury trial. *See e.g. Community Residential Services, Inc. v. U.S.*, 2003 WL 21033239 at * 1 (M.D.N.C. May 7, 2003) (holding that a district court's review of a § 6330(d) appeal is limited to the administrative record and the parties are not entitled to discovery); *Carroll v. United States*, 217 F.Supp.2d 852, 858 (W.D.Tenn.2002) (noting that the court is confined to the administrative record in considering plaintiff's appeal pursuant to § 6330(d)); *Dudley's Commerical and Industrial Coating, Inc. v. U.S.I.R.S.*, 292 F.Supp.2d 976, 984, 2003 WL 1950231 at *9 (M.D.Tenn.2003) (holding that, "[i]n its review of the [IRS'] exercise of discretion, the Court is limited to a review of the administrative record"); *Herycyk v. United States*, 2001 WL 1836194 at * 2 (N.D.Ohio Dec. 11, 2001) (holding that a "reviewing court can only

address matters raised by the taxpayer at the CDP hearing").

In light of the above, the Court denies plaintiff's Motion for Writs. Under the authorities noted above, plaintiff's Amended Complaint seeking review of the IRS Appeals Office's Notice of Determination constitutes an administrative action. Thus, this Court's review is limited to the administrative record and plaintiff is not entitled to either discovery or jury trial. Accordingly, plaintiff is not entitled to relief under any of the procedural mechanisms noted in the caption of his Motion.

■ Finally, plaintiff states in his Motion that he "is entitled to compensatory and punitive damages for the fraud being worked against the Plaintiff and the Courts." *See* Motion for Writs at 24. As defendant correctly notes, plaintiff does not raise claims for either compensatory or punitive damages in his Amended Complaint. Further, plaintiff has not filed a Motion for Leave to Amend his Amended Complaint nor does he request in his Motion for Writs that this Court grant him leave to amend his Amended Complaint to seek such relief. Accordingly, the Court finds that plaintiff is not entitled to compensatory or punitive damages as such relief is not requested in his Amended Complaint.

## II Plaintiff's Motion for Sanctions and Motion to Strike

In his Motion for Sanctions and Motion to Strike, plaintiff argues that the defendant's defense that plaintiff's Amended Complaint fails to set forth a claim upon which relief may be granted should be stricken because the defendant failed to serve upon plaintiff a full and complete copy of its Motion to Affirm and Dismiss. Further, plaintiff argues that he is entitled to be compensated for his time in preparing his Motion for Sanctions and Motion to

Strike, at an hourly rate of $170/hour for 1.5 hours of work plus copying costs and postage.

In response, defendant acknowledges that it inadvertently omitted one page (page 13) from its fourteen-page Motion to Affirm and Dismiss but argues that the omission of a single page from the service copy is insufficient grounds for sanctions or striking the defendant's defense and/or Motion. Moreover, defendant argues that plaintiff's Motion is unnecessary as plaintiff could have called counsel for defendant and she would have provided the missing page.[4]

■ The Court denies plaintiff's Motion. Plaintiff has not alleged or demonstrated that defendant's omission of one page from the service copy of its Motion to Affirm and Dismiss was intentional or in bad faith. Defendant's inadvertent omission of this page is insufficient grounds for imposing either sanctions or the harsh remedy of striking defendant's defense.[5]

## III. Defendant's Motion to Affirm and Dismiss

Defendant raises two arguments in its Motion to Affirm and Dismiss. First, defendant maintains that the decision of the IRS Appeals Office should be affirmed and the plaintiff's Amended Complaint dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6). Second, defendant argues that plaintiff's claims for injunctive and declaratory relief should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(1). This Opinion will address each issue in turn.

### A. Failure to State a Claim

In its Motion to Dismiss, defendant argues that plaintiff's Amended Complaint fails to state a claim upon which relief may be granted because plaintiff only advances arguments "which have been consistently found frivolous by the courts" and does not set forth any legitimate grounds as to why the Notice of Determination at issue should not be affirmed.

■ For the following reasons, the Court finds that it will not reach the substantive issues raised by defendant in connection with this argument. As discussed

---

4. Plaintiff contends in Reply that he would not call the DOJ about the missing page because he "was warned long ago about taking the risk associated with the government's hired help." Plaintiff's Answer to the Motion to Affirm and Dismiss at 1. Moreover, he claims that "because the government has ways of altering voices, facts and events concerning these and other cases about the Plaintiff," he didn't want to contact the defendant and "take the risk of the government agents lying to him about the conversation to them and what took place with them." *Id.* at 1–2. Finally, plaintiff complains that counsel for defendant raises this argument in bad faith because she refused to communicate with him regarding an appropriate discovery schedule and "the details of a speedy trial." *Id.* at 2. The Court finds that none of these arguments raise sufficient grounds for either sanctioning defendant or striking its defense and/or Motion to Affirm and Dismiss.

5. Moreover, the inadvertent omission of this single page from defendant's Motion to Affirm and Dismiss did not prejudice plaintiff since he refused to file his Brief in Opposition until he received the missing page. The record reflects that defendant filed its Motion to Affirm and Dismiss on May 29, 2003. Plaintiff apparently refused to contact defendant regarding the missing page and waited until June 20, 2003 to file his Motion to Strike. In that Motion, plaintiff stated that he was unable to respond to defendant's Motion in light of the missing page. Plaintiff received the missing page on or about June 30, 2003 and then filed two Briefs in Opposition, dated July 1, 2003 and July 24, 2003. Accordingly, plaintiff had the benefit of the missing page when he filed his Briefs in Opposition.

above, this Court determined in its May 16, 2003 Order that "this is an action for review of an administrative record." *See* May 16, 2003 Order (Doc. 19). In opposing plaintiff's Motion for Writs (discussed *supra)*, defendant argues that "the scope of the Court's review [in the instant case] is limited to the administrative record." U.S. Response to Plaintiff's Motion of Writs at 4.

Despite this Court's Order and defendant's own arguments, however, defendant failed to submit the administrative record in this case to the Court prior to the filing of its Motion to Affirm and Dismiss. Counsel for defendant did submit a document entitled "Supplemental Appendix to United States' Motion to Dismiss," (Doc. 29), but this "Supplemental Appendix" does not claim to be the complete administrative record in this case and states only that it "consists of copies of the relevant and unprivileged documents from the IRS Appeals Office file and Plaintiff's Complaint." Defendant neither identifies the documents it omitted from this "Supplemental Appendix" or offers any explanation as to why it believes such documents are not relevant and/or privileged.

The Court is greatly disturbed by defense counsel's failure to provide a timely and complete administrative record for this Court's review. Defendant was given the opportunity to submit a complete record and failed to do so. Moreover, defendant's failure to provide the complete administrative record hampers this Court's review of the issues presented in connection with defendant's Motion to Dismiss plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted.

In light of the above, the Court finds that the consequence of defendant's failure to submit a complete administrative record is that this Court will not consider the substantive arguments raised by defendant in connection with its Motion to Dismiss for failure to state a claim upon which relief may be granted.

## B.  Subject Matter Jurisdiction

Defendant also argues that plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(1) because this Court lacks subject matter jurisdiction over plaintiff's claims for declaratory and injunctive relief. Because defendant's arguments raise purely legal questions that do not depend upon the administrative record, the Court will address the issue of subject matter jurisdiction.

### *Standard of Review*

■  Lack of subject matter jurisdiction is an affirmative defense that a defendant may assert in a motion to dismiss. *See* Fed.R.Civ.P. 12(b)(1). When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990). This burden is not onerous. *Musson Theatrical, Inc. v. Federal Express Corp.,* 89 F.3d 1244, 1248 (6th Cir.1996). The party need only show that the complaint alleges a substantial claim under federal law. *Id.*

In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction. *Nichols v. Muskingum College,* 318 F.3d 674, 677 (6th Cir.2003) (citing *Rogers v. Stratton Industries,* 798 F.2d 913, 916 (6th Cir.1986)). However, where a defendant argues that the plaintiff has not alleged sufficient facts in his/her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true. *Id.*

### 1. Declaratory Relief

In his Amended Complaint, plaintiff asks this Court to (1) declare invalid the IRS' Notice of Determination dated December 31, 2001; (2) declare invalid Treasury Circular 230 "as unenforceable and without effect on the general public at large since it has no legislative implementing regulations and/or does it [sic] have any provisions in the Internal Revenue Code;" and (3) declare invalid 26 U.S.C. § 6702 because it has no legislative implementing regulations to enforce that provision in the Internal Revenue Code.

■ Defendant maintains that this Court lacks subject matter jurisdiction over the above claims for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. That Act expressly exempts disputes relating to federal taxes, as follows:

> (a) In a case of actual controversy within its jurisdiction, **except with respect to Federal taxes** other than actions brought under section 7428 of the Internal Revenue Code of 1986 ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (emphasis added). As the Sixth Circuit explained, this exemption for disputes relating to federal taxes "acts to deprive district courts of jurisdiction where § 2201 otherwise would apply, the only exception being those cases in which suit is brought by a party other than the taxpayer whose taxes lie at the heart of the controversy." *Hill v. I.R.S.*, 991 F.2d 795, 1993 WL 94001 at *1 (6th Cir.1993). *See also Lutz v. United States*, 919 F.2d 738, 1990 WL 193066 at * 2 (6th Cir.1990); *Henning*, 2003 WL 21456665 at * 4; *Palmer v. C.I.R.*, 62 Fed.Appx. 682, 685–86, 2003 WL 1796024 at * 3 (7th Cir.2003).

■ The Court finds that it lacks subject matter jurisdiction over plaintiff's claims for declaratory relief. Clearly, each of the declarations sought by plaintiff relate to federal taxes. First, the December 31, 2001 Notice of Determination was issued by the IRS as part of its efforts to impose penalties on plaintiff for filing frivolous income tax returns. Second, Treasury Circular 230, set forth at 31 CFR Part 10, is entitled "Practice Before the Internal Revenue Service" and contains rules regarding who may represent taxpayers in presentations to the Internal Revenue Service. *See* 31 C.F.R. § 10.0. Third, 26 U.S.C. § 6702 is contained in the Internal Revenue Code and authorizes the imposition of a $500 penalty for the filing of frivolous tax returns under the circumstances set forth therein. Finally, the exception to the prohibition on declaratory judgments relating to federal taxes described in *Hill* is not applicable here because plaintiff brings this matter on behalf of himself and it is his own tax issues that are at the heart of the instant controversy.

Accordingly, the Court finds that it lacks subject matter jurisdiction over plaintiff's claims for declaratory relief pursuant to 28 U.S.C. § 2201 and grants defendant's Motion to Dismiss the same.

### 2. Injunctive Relief

In his Amended Complaint, plaintiff also asks this Court to enter an injunction ordering the IRS to (1) suspend any enforcement activity until it conducts a CDP hearing in accordance with law; (2) hold the CDP hearing required by 26 U.S.C. §§ 6320 and 6330 as requested by plaintiff; and (3) have at that hearing all of the documents as requested in plaintiff's initial request for a CDP hearing.

Defendant argues that this Court lacks subject matter jurisdiction over the above

claims for relief under the Anti–Injunction Act, 26 U.S.C. § 7421(a). That provision provides, in relevant part, that "[e]xcept as provided in section[ ] . . . 6330(e)(1) . . ., no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."[6]

■ The United States Supreme Court has found the principal purpose of this Act "to be the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference." *Bob Jones University v. Simon*, 416 U.S. 725, 736, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). Thus, the Anti–Injunction Act "withdraw[s] jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

Courts have found that the Anti–Injunction Act is to be strictly enforced. *See e.g. Rogers v. U.S. Dept. of Treasury*, 953 F.2d 1387, 1992 WL 16791 at * 2 (9th Cir.1992). Indeed, "the general rule is that, except in very rare and compelling circumstances, federal courts will not entertain actions to enjoin the collection of taxes." *Fondren v. U.S.*, 2003 WL 21541280 at * 2 (M.D.Ala. May 30, 2003) (quoting *Mathes v. United States*, 901 F.2d 1031, 1033 (11th Cir. 1990)). The burden is on the plaintiff to show that his case falls within an exception. *Id.*

The only exceptions to this rule are the statutory exceptions set forth in § 7421(a) and judicially-created exceptions described by the U.S. Supreme Court in *Bob Jones*,

*supra* and *South Carolina v. Regan*, 465 U.S. 367, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984). Specifically, in *Bob Jones*, the Supreme Court noted that an exception to the Anti–Injunction Act exists when the taxpayer is certain to succeed on the merits and can demonstrate that the collection would cause him irreparable harm. *Id.* at 745–746, 94 S.Ct. 2038. *See also Henning*, 2003 WL 21456665 at * 4. In *Regan*, the Court further clarified that the Anti–Injunction Act will not apply to actions brought by aggrieved parties for whom there is no alternative judicial remedy. *Regan*, 465 U.S. at 378, 104 S.Ct. 1107.

■ In the instant case, one of the statutory exceptions set forth in § 7421(a) is potentially relevant to a determination of this Court's subject matter jurisdiction. As set forth above, the Anti–Injunction Act provides that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained "except as provided in § 6330(e)(1)." 26 U.S.C. § 7421(a). Section 6330(e)(1) provides, in relevant part, as follows:

(e) **Suspension of collections and statute of limitations—**

(1) **In general**—Except as provided in paragraph (2), if a hearing is requested under (a)(3)(B), the levy actions which are the subject of the requested hearing . . . shall be suspended for the period during which such hearing, and appeals therein, are pending. . . **Notwithstanding the provisions of 7421(a), the beginning of a levy or proceeding during the time the suspension under this paragraph is in force may be enjoined by a proceeding in the proper court,** including the Tax Court. . .

---

**6.** The reference in the Anti–Injunction Act to "tax" is deemed also to refer to certain penalties, including the penalty provided for frivolous returns under 26 U.S.C. § 6702. *See* 26 U.S.C. § 6671(a); *Warren v. U.S.*, 874 F.2d 280, 282 (5th Cir.1989).

**(2) Levy upon appeal**—Paragraph (1) shall not apply to a levy action which an appeal is pending if the underlying tax liability is not at issue in the appeal and the court determines that the Secretary has shown good cause not to suspend the levy.

26 U.S.C. § 6330(e)(1) (emphasis added).

The Court finds that the statutory exception set forth in § 6330(e)(1) above does not apply in the instant case. By its terms, § 6330(e) operates to suspend a levy action during the pendency of a hearing requested pursuant to § 6330(a)(3)(B) as well as any appeal therefrom. It is only if the IRS begins a levy or proceeding during this period of suspension that a taxpayer may seek an injunction to prevent such levy or proceeding, notwithstanding the provisions of the Anti–Injunction Act.

In the instant case, plaintiff has not alleged, and there is no evidence to suggest, that the IRS has begun a levy or proceeding against plaintiff's property during the period of suspension outlined in § 6330(e)(1), i.e., during the time since plaintiff requested a hearing pursuant to § 6330(a)(3)(B) and filed an appeal in this Court. Accordingly, the Court finds that the statutory exception set forth above does not apply to the instant case.

■ The Court further finds that the judicially-created exception to the Anti–Injunction Act set forth in *Bob Jones, supra* also does not apply herein. In order to fall within this exception, plaintiff must demonstrate that (1) he is certain to succeed on the merits and (2) the collection would cause him irreparable harm. *See Bob Jones*, 416 U.S. at 745–746, 94 S.Ct. 2038. The Court finds that plaintiff has failed to demonstrate that either of these conditions have been met.

First, plaintiff has not demonstrated that he is certain to succeed on the merits. Plaintiff's request that this Court order the IRS to hold the hearing requested by plaintiff pursuant to § 6330 is without merit since the record clearly reflects that such a hearing was conducted on December 12, 2001. S.A. 20.

Further, plaintiff's request that the Court order the IRS to have at that hearing all the documents he initially requested is also without merit for the following reasons. In his September 5, 2001 "updated and corrected" Form 12153, plaintiff requested that the IRS produce the following documents at his CDP hearing:

(1) documentation proving that the immediate supervisor of the person making the penalty assessment personally approved the assessment, or some other documentation that supports and authorizes the imposition of the frivolous penalties at issue, including the names of the IRS employees who imposed and authorized the penalties along with their Federal ID numbers;

(2) the delegation of authority from the Secretary authorizing such persons who imposed the penalties to do so;

(3) the official job descriptions of those IRS employees who imposed the frivolous return penalties;

(4) the Treasury regulation that authorizes IRS employees to impose the penalty and the regulation that requires plaintiff to pay such penalty;

(5) the specific Internal Revenue Code section that makes plaintiff liable for the underlying income tax at issue;

(6) copies of the actual notices that were allegedly sent to plaintiff demanding payment of the frivolous return penalties at issue (since plaintiff claims he never received such notices) and

the Treasury decisions or regulations that identify those documents as being the statutory "notice and demand" required by the Internal Revenue Code; and

(7) verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

S.A. 14.

Courts have uniformly rejected taxpayer requests for such documentation as frivolous. For example, in *Tornichio, supra,* the district court expressly found that the IRS was not required to provide any of the following information to the plaintiff taxpayer in that case: (1) verification from the Secretary that the requirements of any applicable or administrative procedure have been met; (2) documents supporting the imposition of the frivolous penalty at issue; (3) any delegation of authority from the Secretary that authorized the imposition of the frivolous penalty at issue; (4) any Treasury Department regulation that authorized the imposition of the frivolous penalty at issue; or (5) any statute that established the existence of the underlying liability for the tax at issue. *Tornichio,* 263 F.Supp.2d at 1096–1098. Numerous other courts have reached the same conclusions. *See e.g. Rennie v. IRS,* 216 F.Supp.2d 1078, 1080—82 (E.D.Cal.2002); *Henning,* 2003 WL 21456665 at *3.

In addition, courts have also found that the IRS is not required to produce either the names of the IRS employees who imposed and authorized the penalties or their Federal ID numbers or job descriptions, as requested by plaintiff herein. *See Herip,* 2002 WL 31002855 at *6; *Gillett v. U.S.,* 233 F.Supp.2d 874, 883 (W.D.Mich. 2002); *Johnson v. U.S.,* 2002 WL 32003906 at *5 (N.D.Fla. Dec. 13, 2002).[7]

In light of the above, the Court finds that plaintiff has failed to demonstrate that he is certain to succeed on the merits.[8] Moreover, plaintiff has not made any demonstration that the imposition of the penalties at issue would cause him irreparable harm.

Accordingly, the Court finds that it lacks subject matter jurisdiction over plaintiff's claims for injunctive relief and grants defendant's Motion to Dismiss the same.

### Conclusion

For the above reasons, the Court finds that it lacks subject matter jurisdiction over plaintiff's claims for declaratory and injunctive relief. Because these are the only forms of relief sought by plaintiff in

---

**7.** Although neither party cites *Regan, supra,* the Court notes that the judicially-created exception set forth therein is also inapplicable. Plaintiff has not alleged that he has no alternative judicial remedy available to him. Moreover, it appears that plaintiff does have an alternative judicial remedy by way of a refund suit after payment of the penalty.

**8.** Although plaintiff does not request any injunctive relief relating to his liability for the penalty at issue or lack of representation at the hearing, he appears to allege generally in his Amended Complaint that (1) he is not liable for the penalty assessed against him because there is no income tax "liability;" and (2) the IRS Appeals Officers unreasonably prevented him from designating Mr. Tornichio as his power of attorney/representative at the hearing. With respect to the first argument, the Internal Revenue Code clearly states that a tax "is hereby imposed on the taxable income of every individual." 26 U.S.C. § 1. Courts have repeatedly rejected arguments that an individual is not a taxpayer. *See e.g. Henning,* 2003 WL 21456665 at * 3. With respect to the second argument, the Court is simply unable to determine whether plaintiff is certain to succeed on the merits in that neither party has adequately discussed the applicable law and facts regarding this issue. Regardless, it is apparent that plaintiff has not demonstrated that he has suffered or would suffer irreparable harm.

the instant case, the Court grants defendant's Motion to Dismiss plaintiff's Amended Complaint in its entirety.

IT IS SO ORDERED.